52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stephen MISCEVICH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3124.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 Before: KENNEDY and NORRIS, Circuit Judges; BECKWITH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Stephen Miscevich's action for review of a final decision of the Secretary of Health and Human Services ("Secretary") was dismissed by the District Court when plaintiff failed to file a merits brief within the time provided by the court's scheduling order and after two extensions of time were granted. Plaintiff now appeals, arguing that the court abused its discretion in dismissing this action because other alternatives were available rather than dismissal and because he did not act in bad faith. We agree that dismissal for failure to prosecute was error. However, we affirm the judgment of dismissal since plaintiff is not entitled to the benefits he seeks.
 
 I.
 
 2
 Plaintiff Stephen Miscevich underwent surgery on February 8, 1988 for removal of a brain tumor. On February 25, 1988, plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that he was unable to work because of the brain tumor and the resulting physical therapy. On August 17, 1989, an administrative law judge for the Social Security Administration awarded him a one-year closed period of disability, beginning January 26, 1988. The ALJ found that Plaintiff's medical condition had improved and that as of January 26, 1989, his medical condition no longer prevented him from performing substantial gainful activity. Plaintiff did not seek review of this decision.
 
 
 3
 While plaintiff was receiving disability benefits, he also investigated vocational rehabilitation options with the Bureau of Vocational Rehabilitation ("BVR"). Plaintiff first met with the BVR at the end of August 1988. From August, 1988, to July 28, 1989, the BVR considered plaintiff to be in a diagnostic and evaluation status. During this time, the BVR determined that plaintiff could no longer perform the types of jobs he had previously performed and tested him to see if he qualified for participation in a vocational rehabilitation program. The BVR determined on October 3, 1989, that plaintiff qualified for a rehabilitation program involving an art career and placed him on active vocational rehabilitation status. Plaintiff enrolled in the Cleveland Institute of Art in January, 1990.
 
 
 4
 Under 42 U.S.C. Sec. 425(b) and 20 C.F.R. Sec. 404.1596(b)(4) (1991), one may receive continuing DIB after disability ceases if that person is actively participating in an approved vocational rehabilitation program. The Secretary determined on July 15, 1992, that plaintiff was not eligible for continued disability payments because he was not on active vocational rehabilitation status when his closed period of disability ended on January 26, 1989. Plaintiff filed a timely complaint pursuant to 42 U.S.C. Sec. 405(g) for judicial review of this decision on September 18, 1992, in the Northern District of Ohio.
 
 
 5
 Plaintiff's complaint was referred to a magistrate judge. On September 24, 1992, the magistrate judge issued a scheduling order containing the following language:
 
 
 6
 5) In those cases in which an answer and transcript is filed plaintiff shall go forward by way of motion seeking reversal of defendant's ruling and/or remand within forty-five (45) days of the filing of defendant's response. No extension beyond that date will be granted other than on motion demonstrating good cause. While a forty-five (45) day period is extended, the Court expects that plaintiff's submission will be made at the earliest possible date....
 
 
 7
 7) Any case ... in which plaintiff does not go forward on the merits within forty-five (45) days after answer shall be subject to dismissal for want of prosecution without further notice.
 
 
 8
 (Emphasis in original.) (A. 16).
 
 
 9
 On March 31, 1993, the Secretary filed her answer. Based on the magistrate judge's scheduling order, plaintiff's brief was due on Monday, May 17, 1993. On May 17, 1993, plaintiff's counsel moved for a thirty-day extension to file a merits brief. The magistrate judge granted this motion, extending the due date of plaintiff's brief to June 16, 1993. On June 17, 1993, counsel moved for a second thirty-day extension to file a merits brief. The magistrate judge granted this motion, extending the due date of the brief to July 16, 1993.
 
 
 10
 Plaintiff did not file a merits brief by July 16, 1993. Nor did plaintiff request additional time to do so. On August 24, 1993, the magistrate judge filed a report and recommendation that the District Court dismiss plaintiff's case for failure to prosecute, or, in the alternative, to affirm the Secretary's decision.
 
 
 11
 On September 8, 1993, plaintiff's counsel filed a one-sentence objection to the magistrate judge's report stating merely that plaintiff objected to the report. In the same pleading plaintiff moved for an extension of time to more completely expand on the objections. On September 20, 1993, plaintiff's counsel requested a second extension of time until September 27, 1993, to file objections and a brief supporting the objections. On September 21, the District Court granted plaintiff a ten-day extension to file the brief. On September 30, plaintiff requested a third extension of time until October 12, 1993, and the District Court granted this extension on October 14, 1993. On October 12, 1993, plaintiff requested a fourth extension until October 19, 1993. The court granted this extension on October 21, 1993 and the court indicated that this would be the final extension. On October 19, 1993, plaintiff requested a fifth extension until October 19, 1993. The court granted this motion on October 27, 1993.
 
 
 12
 On October 22, 1993, plaintiff filed a brief in support of the objection to the magistrate judge's recommendation. On November 5, 1993, the Secretary filed her response to the objections. On December 2, 1993, the District Court adopted the magistrate judge's report and dismissed the action for want of prosecution. Plaintiff now appeals the dismissal.
 
 II.
 
 13
 In dismissing this action, the District Court first noted that plaintiff had not filed his merits brief with the magistrate judge by August 24, 1993 despite two extensions. The District Court then stated that plaintiff did not file his objections to the magistrate judge's report until October 22, 1993, "ten days after the latest extension date had passed." The court apparently overlooked the fourth and fifth extensions it had granted. The court next examined the merits of the case and concluded that dismissal would not work a manifest injustice.
 
 
 14
 We apply an abuse of discretion standard when reviewing a district court's dismissal of an action for failure to prosecute. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993). A district court abuses its discretion "only when it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." Fleischut v. Nixon Detroit Diesel, Inc., 859 F.2d 26, 30 (6th Cir.1988).
 
 
 15
 In the present case, the court applied an erroneous legal standard in dismissing the action. In making its determination that plaintiff's action should be dismissed, the court "reviewed the record to ascertain whether dismissal for want of prosecution will work a manifest injustice...." Rule 16(e) of the Federal Rules of Civil Procedure permits modification of an order issued following a final pretrial conference "only to prevent manifest injustice." However, the magistrate judge's order limiting the time to file a merits brief was a scheduling order under FED.R.CIV.P. 16(b) rather than a pretrial order issued following a pretrial conference.
 
 
 16
 The court should have evaluated plaintiff's failure to file his merits brief under FED.R.CIV.P. 41(b), which provides for dismissal of an action for failure of the plaintiff to prosecute or to comply with any order of court.[1] Rule 41(b) does not require the court to determine whether dismissal of an action will result in manifest injustice. Rather, dismissal is appropriate where "the attorney's dilatory actions amounted to failure to prosecute and no alternative sanction would protect the integrity of pre-trial procedures." Buck v. United States Department of Agriculture, 960 F.2d 603, 608 (6th Cir.1992) (citations omitted).
 
 
 17
 Plaintiff, relying on Patterson v. Township of Grand Blanc, 760 F.2d 686 (6th Cir.1985), argues that the court should not have dismissed the case to discipline his attorney when less extreme sanctions were available. We have recognized that dismissal of a case for failure to obey a court order is a harsh penalty which should be imposed only in extreme circumstances, where there is a clear pattern of delay. Little, 984 F.2d at 162; Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). Although there is a clear pattern of delay in the case, it is entirely due to counsel's failure to comply with the court's order. There is no suggestion that plaintiff himself was aware of his counsel's inaction. The time span of delay was not so long that a client would have cause to inquire what was happening in the case. Since plaintiff himself was not responsible for any of the delay, advising him of his counsel's failure and warning plaintiff of the impending dismissal was a possible alternative lesser sanction. We note also that at the time the case was dismissed for lack of progress, the court had before it everything needed to decide the case on the merits. The administrative record had been filed early in the proceedings. The court at last had plaintiff's brief filed within the last extension it had granted. Under all these circumstances, we believe it was an abuse of discretion to dismiss the action for failure to prosecute. See Little, 984 F.2d at 162 (trial could have proceeded as scheduled despite the fact that plaintiff had not engaged in discovery).
 
 III.
 
 18
 Nevertheless, we agree with the District Court that plaintiff is not entitled to benefits beyond those which he has already received for his closed disability period.[2] Under 42 U.S.C. Sec. 425(b) (1983), benefits may continue after an individual's disability has ceased if
 
 
 19
 such individual is participating in a program of vocational rehabilitation services approved by the Secretary ... and ... the completion of such program, or its continuation for a specified period of time, will increase the likelihood that such individual may (following his participation in such program) be permanently removed from the disability benefit rolls.
 
 
 20
 The individual's participation in the rehabilitation program must have begun before the disability ended. 20 C.F.R. Sec. 404.1597(a) (1994).
 
 
 21
 The Secretary has interpreted "participating" in the Program Operations Manual System, which is used under the Social Security Act, 42 U.S.C. Sec. 301 et seq., to evaluate claims. Under the POMS, an individual is not considered to be "participating" in vocational rehabilitation unless he or she has at least had a vocational rehabilitation plan developed and approved. POMS subch. DI40520.025. Based on the POMS, plaintiff was not considered to be participating between the time he applied for benefits in August, 1988 and the time his rehabilitation program was actually approved on October 3, 1989.
 
 
 22
 Plaintiff argues that POMS subch. DI40520.025 is contrary to the plain meaning of "participating" and is thus invalid. Our review of the Secretary's interpretation of the Social Security Act is limited. If Congress' intent is clear, we must give effect to this intent. Jewish Hospital v. Secretary of Health and Human Services, 19 F.3d 270, 273 (6th Cir.1994). If the intent of Congress is not clear, then we consider whether the Secretary's interpretation "is based on a permissible construction of the statute." Id. at 275.
 
 
 23
 We find the POMS definition of "participating" to be a permissible way to construe 42 U.S.C. Sec. 425(b). Applying to participate in a program ordinarily does not constitute participation in the program. The Secretary's construction is also supported by the legislative history of Section 425(b). The conference committee report states that:
 
 
 24
 The conference committee wishes to make clear that it expects that, in most cases, medical cessation of disability will result in the termination of benefits, as now occurs in all cases. The conferees are concerned that under present vocational rehabilitation procedures many individuals have been permitted to enter approved programs even when there is a reasonable expectation of medical recovery before the termination of the program.... It is not the intent of this provision to continue benefits in these cases. It is the intent of the provision to consider only those exceptional cases where the disabled beneficiary is not expected at the beginning of the program to recover medically before the end of the program, but he or she does recover and is no longer considered disabled within the meaning of the Social Security Act, although some residual functional limitation still remains.
 
 
 25
 H.R.CONF.REP. NO. 96, 96th Cong., 2d Sess. 52 (1980), reprinted in 1980 U.S.C.C.A.N. 1392, 1400.
 
 
 26
 From this history, it is clear that Congress' purpose was to ensure that benefits continued for those individuals who were already receiving vocational rehabilitation and who recovered before the program was completed. Congress did not intend to continue benefits for those whose disability ended before they entered a program. For this reason, we must reject plaintiff's argument that because the state should have acted more expeditiously in determining him to be eligible for the program, he should be treated as if participating in a rehabilitation program. See also Christian v. Heckler, 573 F.Supp. 671, 674-75 (W.D.Ark.1983) (reaching same result despite its harshness to the plaintiff).[3]
 
 IV.
 
 27
 For the foregoing reasons, the District Court's dismissal of this action is AFFIRMED.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Although Rule 41 does not specifically provide for sua sponte dismissal, a court may dismiss sua sponte based on its inherent power to dispose of cases in an orderly fashion. Link v. Wabash Railroad Co., 370 U.S. 626, 630-32 (1962); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991)
 
 
 [2]
 The parties have fully briefed the merits, which involve a question of law. Thus, we see no need to remand to the District Court
 
 
 [3]
 Plaintiff notes that a 1992 amendment to the Rehabilitation Act, 29 U.S.C. Sec. 701 et seq., requires states to make an eligibility determination within sixty days of an individual's application. 29 U.S.C. Sec. 722(a)(5)(A). However, this amendment was not in effect at the time plaintiff's benefits were determined