**Edward W. GRAY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–4047.

United States Court of Appeals, Sixth Circuit.

June 18, 2002.

Before SILER and MOORE, Circuit

Judges; STAFFORD, District Judge.*

## ORDER

Edward W. Gray appeals a district court judgment affirming the Commissioner's partial denial of his applications for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gray filed two applications for social security disability insurance benefits alleging that he suffered from back pain. After an administrative hearing, the administrative law judge (ALJ) granted Gray a closed period of disability from February 24, 1992, to January 31, 1995. The case was subsequently remanded to the Appeals Council as the tape of the hearing could not be found. The Appeals Council also requested further evaluation of any mental impairment. A supplemental hearing was held. After the supplemental hearing, the ALJ again found that Gray was disabled from February 24, 1992, through January 31, 1995. The ALJ noted that in June 1997, Gray was attending college full time and working part time. Then in March 1998, Gray began working full time. The Appeals Council declined to review the ALJ's most recent decision.

Gray then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of the benefits after January 31, 1995, and granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

■ Gray contends that there is no substantial evidence to support the ALJ's conclusion that he was no longer disabled after January 31, 1995. However, Gray's position is contradicted by the opinion of his own treating physician, Dr. Ruch. The record indicates that following Gray's second back surgery in December 1993, Dr. Ruch noted that Gray was doing well and no longer had any neurological deficits. By January 1994, Dr. Ruch reported that Gray could move and bend in any direction without difficulty. Dr. Ruch further noted that although Gray could not return to his former type of work at the heavy exertional level by February 6, 1995, the evidence establishes that Gray could perform substantially all the requirements of sedentary work provided he was given the option of sitting or standing. Dr. Ruch specifically indicated in a form prepared for the Ohio Rehabilitation Service Commission that Gray was physically capable of working full time as of February 6, 1995.

Based on the medical evidence in the record, the ALJ presented several hypothetical questions to the vocational expert. Based on these hypothetical questions, the vocational expert then found that Gray could perform a substantial number of jobs in the economy. The vocational expert noted that Gray could work as a surveillance systems monitor, assembler, inspector, cashier, and computer operator. Therefore, there is substantial evidence to support the Commissioner's decision that Gray was no longer disabled after January 31, 1995.

■ Gray argues that the district court erred in not finding that he was eligible for

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

continued disability benefits under 42 U.S.C. § 425(b) because he was participating in an approved vocational rehabilitation program. This court held in *Miscevich v. Sec'y of Health & Human Services*, No. 94–3124, 1995 WL 222192, at *4–5 (6th Cir. Apr. 13, 1995), that applying to participate in a vocational program does not ordinarily constitute participation in that program. Further, the panel observed that the legislative history of § 425(b) indicates that the statute's purpose is to insure that benefits continue for those individuals who are already receiving vocational rehabilitation and who recovered before the program was completed. Congress did not intend to continue benefits for those whose disability ended before they entered a program. *Id.* at *5. Like *Miscevich*, Gray had not been approved for and was not receiving vocational rehabilitation prior to his termination of disability benefits. As Gray was not participating in a vocational rehabilitation program until two months after his disability ended, he was ineligible to continue benefit payments under the narrow circumstances prescribed by § 425(b). The Commissioner determined that Gray's disability ended on January 31, 1995. Although Gray submitted an application to the Ohio Rehabilitation Services Commission on January 11, 1995, he was not accepted into his vocational services program until April 4, 1995. Thus, the Commissioner's finding that Gray was not qualified for continued benefit payments is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-