Joseph D. LITTLE, d/b/a Little
Marina, Plaintiff–Appellant,

v.

Clayton YEUTTER, Secretary, U.S. Department of Agriculture; U.S. Forest
Service; F. Dale Robertson, Defendants–Appellees.

No. 92–5093.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 17, 1992.

Decided Jan. 19, 1993.

James T. Gilbert (argued and briefed),
Coy, Gilbert & Gilbert, Richmond, KY, for
plaintiff-appellant.

Karen K. Caldwell, U.S. Atty. (argued
and briefed), Lexington, KY, for defendants-appellees.

Before: KEITH and JONES, Circuit
Judges; and JOINER, Senior District
Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

Plaintiff–Appellant Joseph D. Little,
d/b/a Little Marina ("Little"), appeals the
district court's dismissal of his lawsuit for
failure to prosecute. For the reasons stated herein, we hold that the district court

---

[*] Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

abused its discretion by dismissing the case. Therefore, we reverse.

## I.

In July 1976, Little was issued a "special use permit" by the United States Forest Service ("Forest Service"). The permit, issued for a period of five years, allowed Little to operate a marina and a motel on Forest Service property. In 1983, Little received a second permit which expired in July 1989.

In November 1989, the Forest Service notified Little that the permit would not be renewed. Little appealed the non-renewal to the Regional Forester in December 1989. A reviewing officer of the Regional Forester affirmed the non-renewal of the permit. Because review of that decision was denied by the Associate Deputy Chief Forester, Little exhausted his administrative remedies.

On September 20, 1990, Little filed a verified complaint in the United States District Court for the Eastern District of Kentucky seeking review of the administrative decision. The United States Department of Agriculture Secretary Clayton Yeutter, the Forest Service, and the Forest Service Chief F. Dale Robertson were named as Defendants. He also sought to enjoin the Forest Service from issuing a special use permit for the use of the property to anyone else and from removing any of the Little's personal property or improvements from the permit site.

Pursuant to an "Agreed Order" filed with the district court on January 2, 1991, all parties agreed to allow Little to remain on the property pending the outcome of the case. Furthermore, the Forest Service agreed not to issue a new permit to any third party during the pendency of the litigation.

On January 2, 1991, the court ordered that all discovery be completed by June 20, 1991, set the pre-trial conference for June 25, 1991, and set the trial for July 23, 1991.

In March 1991, Little requested that Judge Siler, the presiding judge, recuse himself. Judge Siler did so on March 20, 1991. On March 27, 1991, the new judge set aside the January 2, 1991 scheduling order. The court granted the parties until June 20, 1991 to complete discovery, granted the parties until July 3, 1991 to file dispositive motions, set the pre-trial conference for August 26, 1991, and set trial for September 24, 1991.

On July 30, 1991, Little's attorneys moved to withdraw because they alleged that they were unable to communicate adequately with Little. On August 13, 1991, the Defendants moved to dismiss the action, with prejudice, for failure to prosecute. In their motion, the Defendants alleged that Little: had taken no discovery; filed no dispositive motions; failed to request a hearing on this matter; and failed to respond to offers of compromise. The Defendants also noted that they had agreed to refrain from exercising their possessory right to the property pending the outcome of the litigation and because of Little's failure to prosecute this action, the United States has been deprived of the use of the property. A response was filed by Little on August 19, 1991.

On August 21, 1991, Little's attorneys' motion to withdraw was granted. Little was granted fifteen days to obtain substitute counsel and was granted until September 20, 1991 to file a response to the motion to dismiss for failure to prosecute. In addition, the court set aside the dates for the pre-trial conference and the bench trial.

On September 20, 1991, Little, represented by new counsel, filed his response to the Defendants' motion to dismiss. In that motion, Little outlined the procedural history of the case and then stated that:

> [t]here is no indication in the record of this case that Plaintiff has attempted to delay or lacks diligence; on the contrary, it appears that the matter has twice been set for trial by the Court and for various reasons rescheduling was required.

> Moreover, since this case is an Appeal from final action of an administrative agency it will involve the review of the record of the administrative agency under 5 USC § 706 and not a trial *de novo*.

This matter should proceed to a determination on the merits.

Based upon the foregoing and based upon the failure of the Defendants to document a clear record of delay by the Plaintiff, it is respectfully submitted that the motion of the Defendants to dismiss for failure to prosecute must be overruled.

J.A. at 60. On September 24, 1991, the district court granted, in summary fashion, the Defendants' motion to dismiss for failure to prosecute. On October 4, 1991, Little moved to alter or amend the judgment of September 24, 1991. On December 19, 1991, Little's motion to alter or amend the judgment was denied. In that denial, the court noted:

Having considered Little's filings, this Court remains in agreement with the defendants' position that the case should be dismissed for failure to prosecute. Little offers no valid reasons, other than his inability to retain legal representation, for his failure to prosecute, and he fails to respond to the defendants' statement that his motion "is made for no purpose other than delay and continued interference with the property rights of the United States Forest Service."

J.A. at 34 (quoting J.A. at 69).

## II.

 Little maintains that the district court should not have dismissed his lawsuit for failure to prosecute. Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute. This court applies an abuse of discretion standard when reviewing the district court's dismissal of an action for failure to prosecute. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

### A.

 There are competing concerns which guide whether a court should dismiss an action for failure to prosecute. On the one hand, there is the court's need to manage its docket, the public's interest in expe-

ditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. *See Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir.1980). On the other hand is the policy which favors disposition of cases on their merits. *Id.* In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. *See Jourdan*, 951 F.2d at 110; *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 689 (6th Cir.1985); *Carter*, 636 F.2d at 161. *See also Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987), *cert. denied sub nom., Malone v. Frank*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988); *Nealey*, 662 F.2d at 1280. Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance. *Carter*, 636 F.2d at 161.

As stated in *Carter*, " 'the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, failure to prepare for conference, or failure to comply with the pre-trial order.' " *Id.* (quoting *J.F. Edwards Constr. Co. v. Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1323 (7th Cir.1976)).

### B.

 In this case, there is not a clear record of delay. As Little noted, this case has twice been set for trial by the district court and, for various reasons, rescheduling was required. One rescheduling was required because Judge Siler, the original presiding judge, recused himself. The other rescheduling was due to Little's attorneys requesting and receiving the right to withdraw from the lawsuit. Other than two scheduling changes, there has not been any delay of the commencement of the trial.

Just as there is not much evidence of delay, there is little evidence of rebellious

conduct on the part of Little. While it could be argued that Little should have done more (like take some discovery, file a dispositive motion, or more actively participate in settlement negotiations), we find Little's contentions as to his conduct much more persuasive. Little has noted repeatedly that he did not need to do any discovery, that he has always wished to have a trial on this matter, and that he was and is prepared for the trial. Furthermore, there is no evidence which shows that Little failed to prosecute as stated in *Carter.* There is no evidence which shows that Little failed to adhere to any pre-trial orders or that he failed or would have failed to appear at the pre-trial conference or the trial.

Despite minimal evidence of contumacious conduct, the Defendants contend that they have been and are being harmed by Little. The Defendants note that they allowed Little to remain on the property pending the outcome of the case. In addition, the Defendants agreed not to issue a permit to someone else until this case was concluded. Therefore, the Defendants argue that they are being continually aggrieved by Little so long as Little can keep this case alive. While we empathize with the Defendants' argument, we note that the court's dismissal of the lawsuit coincided with the second trial date, before it was set aside. Therefore, any prejudice claimed by the Defendants is minimized by the fact that if they had not filed a motion to dismiss for lack of prosecution, a trial would have taken place around the time it was scheduled.

Based on the foregoing, we find that the evidence does not show a clear record of delay or contumacious conduct. Therefore, we hold that the district court abused its discretion.

### III.

We REVERSE the order of the district court, and REMAND this case for further proceedings consistent with this opinion.