996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris RODGERS, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT; Lynn
A. Green; Dick, Dr.; Dean Rieger; Barid Mukherjee; Nancy
Samuelson; Karen Weaver; L. Wayne Brown; Stephen
Robinson; Karen Reedy; Charles Arthur Brewer; Paydya,
Dr., Defendants-Appellees.
 Nos. 93-1169, 93-1170.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Morris Rodgers, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant 42 U.S.C. § 1983. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Rodgers sued numerous prison medical personnel for allegedly providing him inadequate medical treatment and for subjecting him to cruel and unusual punishment. Rodgers sued the defendants in their individual and official capacities. The defendants moved for summary judgment. Upon de novo review of the magistrate judge's report, the district court granted summary judgment for the defendants. Rodgers then filed two timely notices of appeal. He essentially argues that the district court erred: 1) by finding that the defendants did not violate his Eighth Amendment rights; 2) by concluding that he did not suffer from the HIV virus; 3) by not granting him leave to amend his complaint; and 4) by not granting him a default judgment against four of the defendants. He moves for a certificate of probable cause, leave to proceed in forma pauperis, and the appointment of counsel. He also moves for a court order directing that he be allowed to use the prison law library twelve hours per week.
 
 
 3
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence establishing a genuine issue of material fact. See Celotex Corp., 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 4
 Upon de novo review, we conclude that the district court properly granted summary judgment for the defendants. Medical tests six months apart are negative for HIV virus. Despite being prescribed Tylenol for his headaches and pain, Rodgers refused treatment. He also underwent numerous examinations for his alleged heart condition. The defendants simply have not demonstrated a deliberate indifference to Rodgers's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The district court was not required to inform Rodgers that it was intending to dismiss his complaint in order to allow him to amend his complaint to avoid dismissal. Finally, the district court did not abuse its discretion in dismissing the complaint as to defendants Samuelson, Brewer, Reedy, and Paydya for want of prosecution. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993).
 
 
 5
 Accordingly, we grant Rodgers's motion to proceed in forma pauperis for the purposes of this appeal only, deny the remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.