7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. PRUNTY, Plaintiff-Appellant,
v.
Vincent BRANSON, et al., Defendants-Appellees.
 No. 92-4200.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1993.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Robert E. Prunty, an Ohio state prisoner, moves for the appointment of counsel on appeal from the dismissal of his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Prunty filed this action against five employees of the Ohio Department of Corrections in their individual capacities, seeking $50,000.00 in damages for an alleged violation of his Eighth Amendment rights during the conduct of an urinalysis. The matter was referred to a magistrate judge who entered an order staying the case for ninety days pursuant to 42 U.S.C. § 1997e to allow Prunty to exhaust the Ohio prison grievance procedure. Prunty was informed that failure to exhaust or to show good cause to excuse exhaustion would result in a recommendation to dismiss. Prunty moved to be relieved from the exhaustion requirement for various reasons, and his motion was denied. After ninety days passed, the magistrate judge recommended that the case be dismissed without prejudice for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). The district court adopted this recommendation, noting that no objections had been filed.
 
 
 4
 On appeal, Prunty argues that he did file timely objections to the magistrate judge's report and served the objections on counsel for the defendants. He has submitted a purported copy of his objections, in which he argued that he should not have to exhaust the grievance procedure because he was seeking only monetary damages that were not available in the administrative proceedings. Counsel for the defendants has not filed a brief.
 
 
 5
 Initially, this court must determine whether Prunty waived his right to appeal by failing to file objections to the magistrate judge's report, pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). The Walters rule is not jurisdictional, and can be waived in the interests of justice. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). We find no waiver of the right to appeal in this case because Prunty alleges that he did timely serve objections to the magistrate judge's report and has submitted an alleged copy of those objections, and counsel for the defendants has not refuted the contention that they were served with the objections. Moreover, the waiver rule should be overlooked in the interests of justice because the underlying recommendation to dismiss for failure to prosecute constituted an abuse of discretion. See Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993).
 
 
 6
 A party need not exhaust administrative remedies when those remedies cannot provide the relief requested, such as where an alleged tortious act is complete and the party is seeking only monetary damages. See Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). Therefore, the provision for staying a case to require exhaustion of administrative remedies in 42 U.S.C. § 1997e is conditioned on the existence of effective remedies in the administrative arena. See McCarthy v. Madigan, 112 S.Ct. 1081, 1089 (1992). Here, Prunty was seeking only monetary damages which were not available through the prison grievance procedure. The district court therefore abused its discretion in conditioning the survival of this cause of action on the exhaustion of that procedure.
 
 
 7
 The order dismissing this case is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for counsel is denied.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation