7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. KING, Plaintiff-Appellant,
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-3004.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 James E. King, a pro se private citizen, appeals a district court judgment dismissing his complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking compensatory damages, King filed a complaint in the Franklin County Ohio Court of Common Pleas, alleging that the defendant insurance company unreasonably delayed paying his disability benefits. King alleged that he suffered irreparable financial losses as a result of not having any income for a one year-period.
 
 
 3
 By way of background, King purchased a disability insurance policy from the defendant, Lincoln National Life Insurance Company in 1985. On August 22, 1986, King became disabled from his job. The defendant paid King a $2,000 monthly benefit from that date until February 1987, at which time, the defendant disputed his entitlement to continuing disability benefits. However, a year later, the defendant did pay the disability benefits for a period from February 1987 to February 1988.
 
 
 4
 King's state court action was removed to federal court on the basis of diversity. After nearly two years of delays, missed conferences and a warning to King that continued noncompliance could ultimately lead to dismissal of the case, the district court granted the defendant's motion to dismiss. While the defendant's motion was predicated solely on Fed.R.Civ.P. 37(b)(2), the district court concluded that Rule 41(b) also supported dismissing the complaint. King has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing King's complaint. Under the circumstances, the dismissal sanction was appropriate under either Fed.R.Civ.P. 37(b)(2), see Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1069 (6th Cir.1990); Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988), or Fed.R.Civ.P. 41(b), see Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.