12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald L. BREST, Plaintiff-Appellant,
v.
Wayne BAIR, Defendant-Appellee.
 No. 93-3213.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 N.D.Ohio, No. 91-02572; Sam H. Bell, J.
 N.D.Ohio
 AFFIRMED.
 Before: KENNEDY, MILBURN, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Gerald L. Brest, a pro se Ohio plaintiff, appeals the dismissal of his civil rights action for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brest filed this action for monetary and injunctive relief against the guidance counselor at his daughter's school, alleging that the defendant had denied him access to his daughter's school records in violation of his civil rights and the Federal Education Rights and Privacy Act (FERPA), 29 U.S.C. Sec. 1232g. The district court granted summary judgment to the defendant on the FERPA claim and set the civil rights claim for a jury trial on a two week standby basis beginning January 19, 1993. On that date, the judge, jury, defendant, his counsel, and some witnesses appeared for trial, but Mr. Brest did not appear. The court then granted defendant's oral motion to dismiss for failure to prosecute and awarded costs.
 
 
 3
 Upon review, we find no abuse of discretion. See Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993). The record in this case shows that Brest was aware of the standby trial schedule. He had submitted subpoenas for witnesses with the correct date and time. After arranging for witnesses to appear at that time, Brest should have been personally present, whether he received any further confirmation of the schedule or not. Dismissal for failure to appear when witnesses and a jury are present and trial is ready to be commenced is proper under Fed.R.Civ.P. 41(b).
 
 
 4
 Defendant has moved to strike an affidavit attached to Brest's brief. The motion is denied, as the affidavit was originally properly submitted to this court with plaintiff's motion for pauper status, pursuant to Fed.R.App.P. 27. However, the explanation contained in the affidavit was never presented to the trial court. Therefore, we cannot find an abuse of discretion on the trial court's part for failing to consider arguments of which it was unaware.
 
 
 5
 Accordingly, the dismissal of this action is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.