33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernel FOSTER, Plaintiff-Appellant,
v.
CITY OF CLEVELAND HEIGHTS; Cleveland Heights Police
Department, Defendants-Appellees.
 No. 93-4356.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Ernel Foster, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983 and various state laws. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Foster sued the City of Cleveland Heights as well as its chief of police, in his official capacity. Foster alleged that at the time of his arrest the defendants inventoried his clothing and provided him with prison clothes, but that they refused to provide him with socks, shoes or other foot protection. Further, he alleged that he injured his toe and that the defendants were indifferent to his serious medical needs when they delayed treatment for his injury, which resulted in damage to his foot. This action was removed to federal court after Foster raised an Eighth Amendment claim pursuant to Sec. 1983.
 
 
 3
 The defendants filed a motion to dismiss because Foster allegedly refused to attend a scheduled deposition. After reviewing defendants' motion, the district court entered a marginal order granting the defendants' motion to dismiss, ostensibly as a sanction under Fed.R.Civ.P. 37(d). Following Foster's timely appeal, this court remanded the case to the district court for the limited purpose of entry of a final order and judgment. A separate judgment was entered dismissing the suit on February 14, 1994.
 
 
 4
 Upon review, we conclude that the district court improperly dismissed Foster's complaint. A judgment dismissing a suit pursuant to Fed.R.Civ.P. 37(d) is reviewed for an abuse of discretion. See Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993); Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988).
 
 
 5
 The district court abused its discretion in this case. A district court may dismiss a case under Fed.R.Civ.P. 37 only in extreme situations that depict a clear record of delay or contumacious conduct by the sanctioned party. See Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980) (per curiam). The power to order such a dismissal is not unlimited. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209 (1958). In determining whether a district court abused its discretion, reviewing courts have considered various factors, including: 1) whether the sanctioned party was unable to comply with the discovery order; 2) whether the sanctioned party's failure to cooperate in discovery amounts to willfulness, bad faith, or fault; 3) whether the adversary was prejudiced by the sanctioned party's failure to cooperate in discovery; 4) whether the sanctioned party was warned that noncompliance could lead to dismissal; and 5) whether less drastic sanctions were imposed or considered. See Beil v. Lakewood Eng'g & Mfg., Co., 15 F.3d 546, 552 (6th Cir.1994); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir.1990). The dismissal sanction should be used as a last resort after the court considers the feasibility of a lesser sanction. Beil, 15 F.3d at 552.
 
 
 6
 Upon considering these factors, we conclude that the district court abused its discretion. Essentially, the district court improperly dismissed Foster's case because: 1) there is no evidence of further misconduct following the district court's warning that it could dismiss Foster's case if he did not appear at his deposition; 2) the district court did not adequately consider lesser sanctions prior to dismissal; and 3) the record indicates that there was some confusion between the parties as to whether the deposition had been canceled.
 
 
 7
 A pre-dismissal warning is pivotal to the appropriateness of a district court's dismissal of a case for failure to comply with discovery. See Carver v. Bunch, 946 F.2d 451, 454 (6th Cir.1991). Here, the district court warned plaintiff (through his counsel) that it could dismiss his case if he did not appear at his deposition. Foster received this warning after the defendants had already canceled the originally scheduled deposition. However, there is no indication in the record that, following the district court's warning, the defendants attempted to schedule another deposition or that Foster refused to attend such a deposition. There is no evidence indicating that Foster engaged in any dilatory conduct following the district court's warning.
 
 
 8
 The district court also did not adequately consider sanctions short of dismissal. Rather, the district court merely stated that given Foster's incarceration and indigent status, dismissal of his complaint was the most appropriate sanction. The district court simply did not sufficiently indicate that it considered less drastic sanctions. See Bank One of Cleveland, N.A., 916 F.2d at 1073.
 
 
 9
 In addition, a review of the record indicates that there was some confusion between the parties regarding the cancellation of the deposition. The defendants stated that they were informed that Foster had "fired" his attorneys and that he had refused to sign a release form that would have permitted him to be deposed. However, Foster argued that he had not refused to attend the deposition. Rather, he refused to attend with his attorneys present. Indeed, Foster attached to his appellate brief a copy of the release form with his signature on it.
 
 
 10
 Finally, the remaining factors support our conclusion that the district court improperly dismissed Foster's complaint. First, the record indicates that Foster was able and willing to attend his deposition and that he had signed the release form that would have permitted him to do so. However, the defendants canceled the deposition. Second, Foster's actions do not amount to willfulness, bad faith or fault because the defendants canceled the original deposition following some confusion over whether Foster actually intended to participate in the deposition and whether he had signed the necessary release form. Finally, although the defendants argued that they were prejudiced by plaintiff's actions, the record indicates that it was defendants who actually canceled the deposition. While it is true that plaintiff sought a continuance after he "fired" his attorneys, and this would have caused further delay, the record indicates that Foster had signed the release form and that he intended to attend the scheduled deposition.
 
 
 11
 Accordingly, we hereby vacate the district court's judgment and remand for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.