38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Cleveland COLLINS, Plaintiff-Appellant,
v.
MUSKEGON HEIGHTS PUBLIC SCHOOL DISTRICT; Muskegon Heights
School Employees Aides Unit, Local 201; Martha
San Clemente, Defendants-Appellees.
 No. 94-1092.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1994.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and DE MASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Cleveland Collins, a pro se Michigan resident, appeals a district court order dismissing his lawsuit brought pursuant to Title VII of the Civil Rights Act and Equal Pay Act for failure to prosecute. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On June 22, 1993, Collins filed his Title VII lawsuit suing his former employer and supervisor alleging that the defendants sexually harassed him and discriminated against him on the basis of race and sex. On October 21, 1993, Judge Bell scheduled a status conference for November 22, 1993. On November 2, 1993, Collins wrote to the district court requesting a continuance of the status conference which the district court rescheduled to January 4, 1994. On December 9, 1993, Collins made a request to reschedule the January 4, 1994, status conference, which the district court denied on December 20, 1993. In this order, the district court did not indicate what the consequences would be if he failed to appear for the scheduled conference. On December 27, 1993, Collins again requested that the January 4, 1994, status conference be rescheduled, indicated that he would be unable to appear at the conference and requested that the court accept this joint status report in lieu of his appearance. Although this report was dated December 27, 1993, it was not filed until January 6, 1994. The status conference was held on January 4, 1994, and Collins failed to appear. On January 7, 1994, the district court dismissed the case for failure to prosecute.
 
 
 4
 On appeal, Collins argues that the district court abused its discretion in dismissing his case for failure to prosecute in light of the fact that he was proceeding pro se in the district court and in light of his efforts to seek a continuance of the scheduled status conference. He continues to argue the merits of his case and requests that the court remand his case to the district court for further proceedings. Appellees Muskegon Heights Public School District and Martha San Clemente request oral argument.
 
 
 5
 Upon review, we conclude that the district court abused its discretion in dismissing Collins's lawsuit for failure to prosecute. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993). The dismissal sanction should be used as a last resort after the court considers the feasibility of lesser sanctions. Patterson v. Township of Grand Blanc, 760 F.2d 686, 688-89 (6th Cir.1985) (per curiam). The dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). The record in this case lacks evidence of any bad faith or contumacious conduct by Collins. In addition, it does not appear from the district court proceedings that the court informed Collins that his failure to appear at the scheduled January 4, 1994 status conference would result in the court dismissing his lawsuit, nor does the record show that the district court even considered the feasibility of lesser sanctions.
 
 
 6
 Accordingly, we deny appellees' request for oral argument, vacate the district court order dismissing Collins's lawsuit and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. De Mascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation