59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Fatina PHELPS, Plaintiff-Appellant,
v.
AMERICAN OLEAN TITLE, INC.; George Stoffa, Defendants-Appellees.
 No. 94-6552.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1995.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Fatina Phelps, a Tennessee resident, appeals pro se from a district court order dismissing her lawsuit for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Ms. Phelps filed this action through counsel against her former employer and a supervisor, alleging that the defendants had subjected her to sexual and racial harassment, retaliated against her for her complaints about this treatment, and eventually discharged her. She asserted claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e et seq.), 42 U.S.C. Sec. 1981, the Thirteenth Amendment, and the Tennessee Human Rights Act, as well as state law claims of infliction of emotional distress, invasion of privacy, and interference with contractual rights. She sought a jury trial and relief in the form of a declaratory judgment, preliminary injunction, and compensatory and punitive damages. The district court granted defendants' motion to dismiss the Sec. 1981 claim and the state law claims as barred by the statute of limitations, the claim under the Tennessee Human Rights Act for failure to exhaust administrative remedies, and the claim under the Thirteenth Amendment for failure to state a claim. The Title VII claim was also dismissed against the supervisor, as he had not been named in the EEOC complaint filed by Ms. Phelps. The district court also denied the requests for declaratory relief and a preliminary injunction, and struck the demands for a jury trial and for compensatory and punitive damages. Only the Title VII action against the employer remained for trial.
 
 
 3
 Following this action by the district court, a protracted series of discovery disputes between the parties ensued, with both parties filing motions to compel and to extend discovery, and defendant moving on four occasions for dismissal of the action for failure to cooperate in discovery and to obey orders of the court. Ms. Phelps was assessed sanctions twice, in the form of defendant's attorney fees and costs, for failing to attend her deposition and to answer interrogatories. Eventually, the case was scheduled for trial on October 19, 1994. Counsel for Ms. Phelps appeared and moved to withdraw on the ground that they were not in agreement as to the presentation of certain evidence. He also moved for a continuance to allow Ms. Phelps to obtain new counsel. Ms. Phelps, however, did not make an appearance. At that point, the district court dismissed the action for failure to prosecute.
 
 
 4
 On appeal, Ms. Phelps objects to the district court orders striking her requests for a jury trial and compensatory and punitive damages, dismissing the Title VII claim against the supervisor, denying her requests for declaratory and injunctive relief, and assessing discovery sanctions against her. She also objects to the involvement of a magistrate judge in the case, whom she alleges was personally biased in favor of defendant's law firm. As to the final order of the district court, Phelps argues that she should have been allowed a continuance to employ new counsel. Her brief also addresses the merits of her underlying claim, and includes several exhibits which were not in the record before the district court.
 
 
 5
 Upon review, the order of the district court striking the jury demand and request for money damages, dismissing the claim against the supervisor, and denying the requests for declaratory and injunctive relief is affirmed for the reasons stated by the district court. The objection to the involvement of the magistrate judge appears to be without foundation. The allegation of bias by the district court judge raised for the first time in the reply brief need not be considered by the court. See Val-Land Farms v. Third Nat'l Bank in Knoxville, 937 F.2d 1110, 1114 (6th Cir. 1991). Similarly, the assessment of sanctions for discovery abuses was entirely in conformance with Fed. R. Civ. P. 37.
 
 
 6
 Moreover, we find no abuse of discretion in the dismissal of this case under Fed. R. Civ. P. 41(b). See Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993). Under the circumstances of this case, the district court was justified in concluding that the failure of Ms. Phelps to attend the trial was the final contumacious act in a pattern of delay. Cf. Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).
 
 
 7
 Finally, we note that the exhibits attached to the appellate brief cannot be considered by this court as they were not part of the record before the district court. See United States v. Bonds, 12 F.3d 540, 552 (6th Cir. 1993). The arguments presented as to the merits of the underlying claims are also irrelevant, as no decision on the merits is being reviewed.
 
 
 8
 The orders of the district court are affirmed in all respects. Rule 9(b)(3), Rules of the Sixth Circuit.