70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Letha GRANDBERRY, Plaintiff-Appellant,
v.
BAPTIST MEMORIAL HOSPITAL, Defendant-Appellee.
 No. 94-6083.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Letha Grandberry appeals the decision of the district court dismissing her Title VII action for race discrimination as a sanction for failure to cooperate in discovery, pursuant to Fed.R.Civ.P. 37(d). Grandberry argues that the district court's order did not articulate a sufficient factual basis to justify dismissal pursuant to Rule 37. We agree and reverse.
 
 
 2
 On March 10, 1993, Grandberry brought a pro se action against Baptist Memorial Hospital ("Baptist") for various alleged violations of her civil rights. Apparently because of her pro se status, Grandberry had considerable difficulty handling the rigors of litigation in the federal court system. Grandberry missed a July 26, 1993 deadline to respond to Baptist's interrogatories and its request for production of documents. Baptist filed a motion to dismiss pursuant to Rule 37 on August 12, 1993. On October 14, 1993, Baptist filed a supplemental memorandum advising the district court that Grandberry still had failed completely to respond to its discovery requests.
 
 
 3
 Grandberry's only efforts to address the situation came in March 1994, when she filed a memorandum asking that her suit not be dismissed. The submission offered no excuse for her discovery violations other than the fact that she was without representation and was seeking an attorney to represent her. The district court, however, treated this submission as a motion for extension of time, and granted Grandberry until May 9, 1994 to respond to Baptist's discovery requests. The order extending the deadline warned Grandberry that further failure to comply "may result in dismissal of her action under Fed.R.Civ.P. 37(d) and 41(b)."
 
 
 4
 The exact nature of Grandberry's response to this new deadline is disputed by the parties, and the court's final order fails to make findings as to these facts. By all accounts, Grandberry submitted some type of response to Baptist's interrogatories. Baptist contends that Grandberry's response left questions unanswered and provided incomplete answers to other questions. Baptist also contends that Grandberry failed to respond at all to its document requests. Counsel for Baptist claims to have twice contacted Grandberry by phone to seek compliance with their discovery requests during May. On June 8, 1994, the district court acted on Baptist's original motion to dismiss and entered its order dismissing the complaint.
 
 
 5
 Grandberry obtained counsel on June 9, 1994, and filed a motion to reconsider or set aside the order of dismissal. This motion was denied and this appeal followed. Grandberry has challenged the dismissal on the basis that the district court failed to make findings of fact that would justify dismissal.
 
 
 6
 These facts suggest a situation in which a district court would be justified in using its discretion to dismiss in order to manage its docket and protect litigants from discovery abuses. We review a district court's decision to dismiss pursuant to Rules 37 and 41 for abuse of discretion. Beil v. Lakewood Engineering and Manufacturing Company, 15 F.3d 546 (6th Cir.1994); Little v. Yeutter, 984 F.2d 160 (6th Cir.1993). Despite these facts and this deferential standard, we are also bound by our previous holding that a decision to dismiss is warranted "only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." Beil, 15 F.3d at 552. It is the lack of such a finding here that requires us to reverse.
 
 
 7
 The district court's order dismissing the case lacks the detail necessary to support the court's conclusion that dismissal was an appropriate sanction. Although the order chronicled Grandberry's discovery failings in sufficient detail up to the point that the court extended the discovery deadline until May and warned that non-compliance could cause dismissal, the court failed to consider or specify whether further discovery abuses occurred. The order ends the section concerning discovery with the observation that "To date, plaintiff has still not responded to defendant's motion to dismiss." (emphasis added).
 
 
 8
 This court is therefore unable to ascertain what further discovery violations, if any, moved the district court to dismiss the case. Without a clear enunciation of the violations that prompted dismissal, this court also cannot conclude that any violation that may have occurred comported with the Beil criteria requiring that such behavior be willful, in bad faith, or due to the party's own fault. Ibid.
 
 
 9
 Finally, we conclude that the language of the order is clear that the decision to dismiss was granted pursuant to Rule 37 for discovery abuse only, and not pursuant to Rule 41 for failure to prosecute. The order begins by noting that "[p]resently before the court is defendant's motion to dismiss," and concludes "defendant's motion to dismiss plaintiff's complaint is GRANTED." Since the defendant's motion was made pursuant to Rule 37, not Rule 41, and because the district court does not affirmatively mention Rule 41 as grounds for dismissal, it is clear that dismissal was pursuant to Rule 37 alone. We therefore will not review or comment upon the propriety of dismissal pursuant to Rule 41 in this case.
 
 
 10
 Because the district court's order failed to specify a discovery violation consistent with the requirements of Beil, we REVERSE and REMAND for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation