72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Pecola R. BURNS, Plaintiff-Appellant,
v.
ST. FRANCIS HOSPITAL, Defendant-Appellee.
 No. 95-5231.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Pecola R. Burns appeals a district court judgment dismissing her complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed her complaint in the district court alleging that she was fired from her job with the defendant hospital due to her race (African-American). Thereafter, the district court scheduled a status conference for August 11, 1994, and scheduling conference for August 16, 1994. On August 17, 1994, a scheduling order and order of reference of the case to the magistrate judge to conduct a settlement conference was entered.
 
 
 4
 A settlement conference before the magistrate judge initially was scheduled for October 25, 1994. However, the settlement conference was rescheduled for November 22, 1994, because plaintiff was due to give birth to a child near the initial date. Next, the district court entered an order on October 12, 1994, in which it: (1) extended its scheduling order by 30 days; and (2) required plaintiff to show cause why the action should not be dismissed for failure to prosecute unless a joint discovery plan was filed by the parties within 45 days. Thereafter, the settlement conference before the magistrate judge was rescheduled for December 28, 1994, to accommodate counsel for defendant, and later again was rescheduled for January 17, 1995, for scheduling problems unexplained in the record.
 
 
 5
 On December 27, 1994, the parties submitted a joint motion for an extension of the discovery deadline set in the case citing "delays in conducting discovery occasioned by the birth of plaintiff's child and health problems of the child." The following day, the district court dismissed the complaint pursuant to Fed.R.Civ.P. 41(b) for plaintiff's failure to prosecute.
 
 
 6
 On appeal, plaintiff contends that: (1) she missed a single court deadline due to her child's serious illness; and (2) her complaint is meritorious. Defendant responds that the district court did not abuse its discretion in dismissing the complaint. Upon consideration, we vacate the district court's judgment and remand the case for further proceedings.
 
 
 7
 Generally, the court reviews only for an abuse of discretion a district court judgment dismissing a complaint pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Coleman v. American Red Cross, 23 F.3d 1091, 1094 (6th Cir.1994); Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). The district court must make findings of fact and conclusions of law supporting a dismissal for failure to prosecute. Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). In addition, the district court should consider: (1) whether plaintiff's claims are vexatious or fictitious; (2) whether the delay indicates dilatory conduct; (3) plaintiff's responsibility for the delay; (4) whether lesser sanctions are available; and (5) whether the delay prejudiced defendant. Id. Absent specific notice that dismissal is contemplated or a record showing plaintiff's bad faith, dismissal is improper. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir.1991); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). However, dismissal pursuant to Fed.R.Civ.P. 41(b) is proper where there exists a clear record of delay or contumacious conduct. Little, 984 F.2d at 162. Dismissal is a sanction of last resort and should be used only where lesser sanctions are not feasible. Taylor v. Medtronics, Inc., 861 F.2d 980, 985 (6th Cir.1988); Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988). Under the circumstances of this case, dismissal of plaintiff's complaint was not proper.
 
 
 8
 First, it is unclear from the record whether the district court was aware that the settlement conference had been postponed because of the expected birth of plaintiff's child or of the parties' joint motion for an extension of the discovery deadline based upon the illness of plaintiff's child. In any event, the record is devoid of any indication that plaintiff's claims are vexatious or fictitious or that the delays in this case attributable to plaintiff are indicative of dilatory conduct. Furthermore, the record does not reflect that plaintiff was responsible for all of the delays attributed to her by defendant on appeal. Finally, the record does not reflect that a sanction other than dismissal was considered or that defendant suffered any prejudice due to plaintiff's failure to comply with the district court's order. Accordingly, dismissal of plaintiff's action was not warranted under the circumstances of this case.
 
 
 9
 For the foregoing reasons, the judgment of the district court is vacated pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation