85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ed WAGNER, Jr., Plaintiff-Appellant,
v.
Martha Layne COLLINS, Governor; George Wilson; Secretary
of Kentucky Human Resources Cabinet; Rocky Carter; John
Rees; Al C. Parke; John T. Wigginton; Glenn Haeberlin;
Ed Combs; Officer Stephens; Earl Disney; Sidney Powell;
R. Eaton; Dr. G. Houchin; Adm. Simpson; William Clark;
Sledy Cole; B.Y. Wilson; Mr. Witherspoon; Successor in
the Action known as "Consent Decree"; Mr. Hands; Mr.
Ahart, Defendants-Appellees.
 No. 95-5894.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1996.
 
 Before: MARTIN, JONES, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Ed Wagner, Jr., appeals a district court judgment dismissing without prejudice his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wagner filed his complaint in the district court in 1984 alleging that the conditions of his confinement in the Kentucky State Reformatory in LaGrange, Kentucky, are unconstitutional. The complaint was consolidated with class action litigation then pending involving conditions of Kentucky prisons. See Kendrick v. Bland, 659 F.Supp. 1188 (W.D.Ky.1987). After the class action was resolved, plaintiff was permitted to proceed in the district court with respect to his individual claims. Thereafter, the magistrate judge and district court repeatedly directed plaintiff to provide a more specific factual basis in support of his claims. Ultimately, the district court dismissed plaintiff's action without prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) after plaintiff failed to comply.
 
 
 3
 Generally, this court reviews a district court judgment dismissing a complaint pursuant to Fed.R.Civ.P. 41(b) only for an abuse of discretion. Coleman v. American Red Cross, 23 F.3d 1091, 1094 (6th Cir.1994); Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991). The district court should consider: (1) whether plaintiff's claims are vexatious or fictitious; (2) whether the delay indicates dilatory conduct; (3) plaintiff's responsibility for the delay; (4) whether lesser sanctions are available; and (5) whether the delay prejudiced defendant. Id. Plaintiff should be notified that dismissal is contemplated. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir.1991); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal is proper where there exists a clear record of delay or contumacious conduct. Little, 984 F.2d at 162.
 
 
 4
 Here, we conclude that the district court did not abuse its discretion in dismissing plaintiff's complaint for the reasons stated by the district court in its memorandum opinion dated March 31, 1995. Plaintiff repeatedly was warned that dismissal of the action was contemplated yet failed to comport with orders to more specifically plead his claims.
 
 
 5
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.