107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PRENTISS, Plaintiff-Appellant,
v.
Douglas ABRAMS, et al., Defendants-Appellees.
 No. 96-3241.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 John Prentiss, an Ohio state prisoner, moves for the appointment of counsel and pre-argument conference and appeals a district court judgment dismissing his civil rights action for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Prentiss filed this action through retained counsel against several corrections officers and the sheriff of Hamilton County, Ohio, alleging that he had been the victim of excessive force on January 21, 1993, while a pre-trial detainee at the county Justice Center, as a result of which he was hospitalized for seventeen days. After the case had been pending for over a year with no attempt to prosecute, Prentiss filed a motion to remove his counsel. The district court explained that it could not remove counsel that had been retained by Prentiss, but that it was up to him to fire his counsel if he wished. Six months later, defendants moved to dismiss the case for want of prosecution. Prentiss did not respond. The magistrate judge ordered him to show cause why the motion should not be granted, but Prentiss again failed to respond. The magistrate judge ordered him to respond or face dismissal. This inspired counsel to file a motion for leave to respond, which was denied as moot. The defendants again moved for dismissal and, when Prentiss again failed to respond, the magistrate judge recommended that the motion be granted. No objections were filed to this recommendation, which the district court adopted. On appeal, Prentiss argues that his counsel below was ineffective.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion in dismissing this action for failure to prosecute. See Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993). Although this court is reluctant to deprive a plaintiff of his day in court due to his counsel's actions, see Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir.1985) (per curiam), in this case the length of delay, for which Prentiss must share responsibility with his counsel, warranted dismissal for failure to prosecute. See Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). Although Prentiss was aware that there was a problem with his counsel, he took no action to see that counsel moved to withdraw, to obtain new counsel, or to attempt to prosecute the case pro se. In addition to the clear record of delay, this case involved the failure to adhere to more than one pre-trial order. See Little, 984 F.2d at 163. Thus, although we are reluctant to penalize a party for his attorney's failings, we can find no abuse of discretion in this case. See Buck v. United States Dep't of Agric., Farmers Home Admin., 960 F.2d 603, 608-09 (6th Cir.1992).
 
 
 4
 Accordingly, the motions for counsel and pre-argument conference are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.