Charles STEWARD, Plaintiff–
Appellant,

v.

CITY OF JACKSON, TENNESSEE,
Defendant–Appellee.

No. 00–6011.

United States Court of Appeals,
Sixth Circuit.

March 13, 2001.

Before SILER, MOORE, and CLAY, Circuit Judges.

## ORDER

This pro se Tennessee litigant appeals a district court judgment dismissing his amended civil rights complaint filed pursuant to Title VII, 42 U.S.C. § 2000e. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Charles Steward claimed in a poorly drafted complaint that the City of Jackson, Tennessee, discriminated against him on the basis of his race. Steward asserted that he was fired from his job as Detention Supervisor because he is African–American, whereas the City did not fire similarly situated Caucasian employees.

The district court ordered Steward to submit a properly supported motion to proceed in forma pauperis under 28 U.S.C. § 1915(a) or pay the filing fee within twenty days. The district court also warned Steward that his complaint suffered from numerous defects that warranted dismissal. In light of those defects, the district court ordered Steward to amend his complaint to state specific facts demonstrating

both the existence of federal jurisdiction over the dispute, and the existence of a claim for relief under some law over which the district court has jurisdiction. In his amended complaint, Steward reasserted his claim that the City discriminated against him on the basis of his race in violation of Title VII; however, he did not pay the filing fee or move for in forma pauperis status.

The district court dismissed Steward's complaint pursuant to Fed.R.Civ.P. 41(b), because Steward's failure to comply with the court's order constituted bad faith or contumacious conduct, because Steward had failed to comply with a readily comprehended deadline, and because Steward failed to demonstrate that he had exhausted his administrative remedies by filing an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

On appeal, Steward essentially reasserts the claim that he set forth in the district court and moves the court for the appointment of counsel.

■ This court reviews a district court's Rule 41(b) dismissal for abuse of discretion. *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard. *Id.* at 615. This court will therefore reverse the district court's dismissal only if it has a definite and firm conviction that the district court committed a clear error of judgment. *See Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989).

■ Upon review, we conclude that the district court did not abuse its discretion. Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal. *Link v. Wabash R.R.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). When contemplating dismissal of an action under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Stough v. Mayville Community Schs.,* 138 F.3d 612, 615 (6th Cir.1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 153–55 (6th Cir.1988)).

■ In its order directing Steward to file an amended complaint, the district court expressly warned Steward that his complaint suffered from numerous defects that warranted dismissal. Prior notice, or lack thereof, is the key consideration when determining whether a district court abuses its discretion in dismissing a case for failure to comply with a court order. *See Stough,* 138 F.3d at 615. The district court ordered Steward to submit a properly supported motion to proceed in forma pauperis under 28 U.S.C. § 1915(a) or pay the filing fee within twenty days. That order specifically stated that failure to comply in a timely manner with any requirement of the order would result in the dismissal of the complaint. Steward did not comply with the court's order. Thus, Steward's conduct constitutes bad faith or contumacious conduct and justifies dismissal. *See Carver v. Bunch,* 946 F.2d 451, 454 (6th Cir.1991); *see also Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991) (Rule 41(b) dismissal appropriate for a pro

se plaintiff's failure to comply with a readily comprehended court deadline).

The district court also ordered Steward to amend his complaint to state specific facts demonstrating both the existence of federal jurisdiction over the dispute, and the existence of a claim for relief under some law over which the district court has jurisdiction. Despite having an opportunity to amend the complaint and having the benefit of specific instructions from the district court, Steward failed to state a claim because he did not satisfy conditions precedent to filing an employment discrimination claim. In order to satisfy the prerequisites to an employment discrimination action, a claimant must: (1) file a timely charge of discrimination with the EEOC; and (2) receive and act upon the EEOC's notice of right to sue. *See Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir.1989). Steward has not established that he filed a timely charge of discrimination with the EEOC or that he received and timely acted upon an EEOC notice of right to sue letter. *See id.*

Accordingly, we hereby deny Steward's motion for counsel, and because Steward was aware of his obligation to comply with the district court's order, and no special circumstances point to an abuse of discretion by the district court, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.