**Marcel WRIGHT, Sr., Plaintiff–
Appellant,**

v.

**COCA–COLA BOTTLING COMPANY
OF MEMPHIS, Defendant–
Appellee.**

**No. 01–6566.**

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before: NELSON, BOGGS, and
NORRIS, Circuit Judges.

*ORDER*

Marcel Wright, Sr., appeals a district court judgment that dismissed without prejudice his employment discrimination complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wright filed his complaint in the district court alleging that he was fired from his job with defendant because of his race (African American), disability (rheumatoid arthritis), and in retaliation for his discrimination complaint and request for accommodation of his disability. On August 13, 2001, the district court issued a notice of a scheduling conference to be held August 31, 2001. Plaintiff failed to appear. The district court then issued another conference notice, this time for October 3, 2001.

When plaintiff again failed to appear (it appears that unbeknownst to the court, plaintiff was incarcerated from September 13, 2001, to January 9, 2002), the court issued a notice for the conference to be held October 30, 2001. After plaintiff failed to appear for the third time, the district court dismissed plaintiff's complaint without prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41. Plaintiff filed a timely notice of appeal.

Generally, this court reviews a district court judgment dismissing an action for failure to prosecute pursuant to Fed. R.Civ.P. 41(b) only for an abuse of discretion. *See Coleman v. American Red Cross*, 23 F.3d 1091, 1094 (6th Cir.1994); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993). In conducting this review, we consider four factors:

> "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal." *Mulbah v. Detroit Board of Educ.*, 261 F.3d 586, 589 (6th Cir.2001).

No single factor controls this inquiry, and dismissal is permitted "where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Id.* at 591. Dismissal is improper absent notice that dismissal is contemplated or a record showing bad faith. *See Vinci v. Consol. Rail Corp.*, 927 F.2d 287, 287–88 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988). However, dismissal pursuant to Fed.R.Civ.P. 41(b) is proper where there exists a clear record of delay or contumacious conduct. *Little*, 984 F.2d at 162. Here, it is submitted that the

district court properly dismissed plaintiff's complaint.

As noted, plaintiff failed to appear at the scheduling conference three times. Plaintiff's incarceration did not occur until after he did not appear at the initial time on August 31, 2001. Moreover, plaintiff does not contend that he made any effort to notify the district court of his incarceration or otherwise check the status of his case during the nearly four-month period of his incarceration. Plaintiff was notified that sanctions, including dismissal of his action, may be imposed should he fail to appear for the scheduling conference. Under these circumstances, the district court did not abuse its discretion in dismissing plaintiff's complaint without prejudice.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.