**Curtis DAVIS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 03–3172.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

## ORDER

Curtis Davis, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his complaint for injunctive relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 25, 2002, Davis filed a "Complaint for Injunctive Relief" that sought an order preventing the warden at the Federal Correctional Institution ("FCI") in Elkton, Ohio, and the institution staff from depriving Davis and other inmates of the benefit of possessing their presentence investigation report. In an order dated November 8, 2002, Davis was ordered either to pay the full filing fee, $150, or to file a Financial Application and prisoner account statement within 30 days. After the 30-day period had expired, Davis had not sought additional time and neither paid the full filing fee nor filed a prisoner account statement. As a result, the district court dismissed the action for failure to prosecute. This appeal followed.

This court reviews a district court's decision to dismiss for lack of prosecution for abuse of discretion. *See* Fed.R.Civ.P. 41(b); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993).

Upon review, we conclude that the district court did not abuse its discretion when it dismissed Davis's action for lack of prosecution. Under the Prison Litigation Reform Act ("PLRA"), a prisoner may bring a civil action in forma pauperis if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.* In this case, the district court did exactly what *McGore* requires.

Finally, Davis's argument that the fee provisions of the PLRA are unconstitutional is without merit. This court has upheld

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

the fee provisions of the PLRA against a number of constitutional challenges. *See Hampton v. Hobbs,* 106 F.3d 1281, 1284–88 (6th Cir.1997) (PLRA fee provisions do not violate the constitutional rights of access to the courts, freedom of expression, equal protection, procedural due process, substantive due process, or double jeopardy).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.