909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph NEEDLE, Plaintiff-Appellant,
v.
Peter J. GOODMAN and Carolyn Goodman, Defendants-Appellees.
 No. 89-4005.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1990.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and WILLIAM H. TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Joseph Needle, appeals from a Fed.R.Civ.P. 41(b) dismissal of his civil action for failure to prosecute. The failure to prosecute extended over a substantial period of time, but was primarily due to lapses on the part of plaintiff's attorney. We review such dismissals under an abuse of discretion standard. Guzowski v. Hartman, 849 F.2d 252, 258 (6th Cir.1988) (Krupansky, J., dissenting). Although dismissal is a harsh sanction, we are unable to conclude that the district judge abused his discretion, and we affirm.
 
 I.
 
 2
 This lawsuit was originally filed in March of 1985 in Tennessee. Plaintiff alleged that the defendants were his former partners in Can-Am Petroleum Corporation and served as managers of this company. Needle charged that the defendants had mismanaged and diverted the corporation's assets to the plaintiff's detriment. Three months after this suit was instituted, plaintiff filed a voluntary dismissal; however, two days later, he refiled the same suit in the same court. At the request of the defendants, and without objection from the plaintiff, this second suit was transferred to the Southern District of Ohio, Eastern Division.
 
 
 3
 After the August 1985 transfer, the suit languished, with no discovery or other action being taken by the plaintiff until the district court scheduled a pretrial conference for March 26, 1987. Counsel for plaintiff appeared at the conference but indicated he was unprepared and asked that the pretrial be rescheduled. The court granted this request and set a new pretrial conference date of April 30, 1987. On the adjourned date, counsel for defendants was present, but neither plaintiff's counsel nor plaintiff appeared nor did they notify the court in any manner that they would not or could not appear.
 
 
 4
 Based on the second pretrial conference having to be aborted, plaintiff was ordered to show cause on or before May 15, 1987, why this case should not be dismissed for lack of prosecution. Nothing was filed by May 15, 1987, but on May 19, 1987, plaintiff's counsel filed a motion requesting that a new pretrial conference date be set. The court's response, and certainly an appropriate one, was to order plaintiff's counsel to personally pay the defense counsel's expenses in the amount of $261.00 incurred in attending the April 30, 1987, pretrial conference. The court's order also indicated that no new pretrial conference date would be set until the expenses were paid. (App. 13). Plaintiff's counsel ignored the order, and on August 7, 1987, noticed the deposition of the defendants for August 13, 1987, a date he knew was one on which the defendants, who lived in Oregon, would not be in Ohio. Plaintiff's counsel refused to reschedule the deposition and the defendants were forced to seek a protective order, which was granted. The deposition was rescheduled for November 16, 1987, and taken on that date.
 
 
 5
 Plaintiff's own deposition had been set for November 18, 1987, and although he appeared, the proceedings had to be terminated because plaintiff failed to produce documents requested of him in defendants' notice of deposition. Plaintiff agreed to submit the requested documents by January 7, 1988, and also requested certain documents from the defendants by that date. Plaintiff did not produce the documents by January 7, 1988, or ever, notwithstanding that the defendants had turned over the documents that plaintiff requested prior to the January 7, 1988, deadline.
 
 
 6
 At this point in time, the case was routinely transferred to the docket of another district judge, who scheduled a pretrial conference for January 21, 1988. Defendants requested and were granted a continuance, however, because the June 9, 1987, order requiring plaintiff's counsel to pay expenses to defendants' counsel remained unsatisfied.
 
 
 7
 The court then scheduled a fourth pretrial conference for March 24, 1988. This conference was also cancelled by the court when the district judge learned that the expenses of the defense counsel remained unpaid. Subsequently, a status conference was set for October 26, 1988. Neither plaintiff nor his counsel appeared, and defense counsel was notified by a law clerk that plaintiff's counsel, Mr. Pace, no longer represented the plaintiff.
 
 
 8
 Another conference was set for December 6, 1988. Prior to this date, counsel for the defendants spoke with attorney Pace and confirmed that he no longer was representing the plaintiff. The December conference was cancelled, and defendants filed a motion to dismiss for failure to prosecute on December 13, 1988. Plaintiff's response was due by January 5, 1989, but nothing was received. On January 6, 1989, plaintiff, appearing through new counsel, requested an extension of time to respond to the motion to dismiss. A response was finally filed twelve days late.
 
 
 9
 On March 29, 1989, the court declined to dismiss this case but did order the plaintiff to pay not only the $261.00 still outstanding from the earlier order, but also all subsequent costs incurred by defendants in connection with the subsequently scheduled pretrial conferences that could not be held. This sum amounted to $4,690.75. The court further cautioned that failure to pay this sum would result in a granting of the motion to dismiss.
 
 
 10
 When the costs remained unpaid, the court entered yet another order on July 7, 1989, giving the plaintiff an additional 60 days to pay. On August 4, 1989, plaintiff informed the court by letter that he was unable to pay the costs assessed. On October 17, 1989, well after the 60 days had expired, the district judge entered an order dismissing this case.
 
 II.
 
 11
 There is not doubt that dismissal for a failure to prosecute is a severe sanction, particularly if the delay is uniquely the fault of counsel. Such a sanction should be imposed only in extreme situations. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). Here, however, the district judge did not precipitously order dismissal. Rather, the court started with the mild sanction of imposing $261.00 in costs. When these were not paid and defendants continued to incur costs because of unattended or cancelled pretrials, the court rightly upped the ante but still did not dismiss the case, instead imposing additional reasonable costs. When the court was informed that these costs would not be paid, there was really no recourse but dismissal.
 
 
 12
 Plaintiff relies heavily on our earlier decision in Carter, but a comparison of the facts in Carter to those here reveal that the two situations are inapposite. Carter did involve a reversal of a district court's dismissal growing out of an attorney's noncompliance with a court order. However, in Carter, the case was little more than a year old, compared with a four-year old case here; the attorney appeared at the pretrial conference but did not bring a pretrial order of the type requested by the court; the opposing counsel was similarly derelict; and the court gave no warning of its intent to dismiss, which was particularly significant in light of this being the first act of dereliction on the part of counsel. Even under these circumstances, our decision to reverse in Carter was not unanimous.
 
 
 13
 We also have a line of cases in this circuit that stand for the proposition that "in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' " Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988). Here, the court gave ample notice that dismissal would follow if the costs were not paid.
 
 
 14
 Although there is certainly surface appeal to the proposition that a party should not be punished for the sins of his lawyer, the Supreme Court has rejected this argument in the context of a dismissal for a failure to prosecute:
 
 
 15
 There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." Smith v. Ayer, 101 U.S. 320, 326.
 
 
 16
 Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962) (footnote omitted).
 
 
 17
 Although this case is dismissed with prejudice, plaintiff is not necessarily without recourse. As was noted in Carter: "The result of affirming the lower court here would not be to penalize the plaintiff but simply to transfer the plaintiff's claim against the defendant in this case to a claim against plaintiff's lawyer." 636 F.2d at 163 (Joiner, J., dissenting).
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation