RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0270P (6th Cir.)
File Name: 01a0270p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

LARWUSON MULBAH,
     *Plaintiff-Appellant,*

     *v.*

No. 00-1079

DETROIT BOARD OF
EDUCATION, a governmental
corporation, ALSCE JOHNSON,
DAISEY C. MARSHALL,
MARVIN WEINGARDEN,
EMERAL CROSBY, DEIDRA
WELLS-SMITH, and IRENE
NORDE, in their individual
and official capacities, Jointly
and Severally,
     *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-74492—Paul D. Borman, District Judge.

Argued: April 25, 2001

Decided and Filed: August 16, 2001

1

Before:  BOGGS and CLAY, Circuit Judges; GWIN,
District Judge.[*]

_____

**COUNSEL**

**ARGUED:**    William  A.  McNeil,  LAW  OFFICE  OF
WILLIAM A. McNEIL, Detroit, Michigan, for Appellant.
Lamont D. Satchel, OFFICE OF GENERAL COUNSEL,
Detroit, Michigan, for Appellees.  **ON BRIEF:**  William A.
McNeil, LAW OFFICE OF WILLIAM A. McNEIL, Detroit,
Michigan, for Appellant.  Lamont D. Satchel, OFFICE OF
GENERAL COUNSEL, Detroit, Michigan, Mark A. Randon,
DETROIT BOARD OF EDUCATION, Detroit, Michigan, for
Appellees.

_____

**OPINION**

_____

CLAY, Circuit Judge.  Plaintiff, Larwuson Mulbah, appeals
from the district court's Order dismissing his civil rights
action against the Detroit Board of Education for failure to
prosecute pursuant to Local Rule 41.2 of the United States
District Court for the Eastern District of Michigan.  Plaintiff
contends that the district court's dismissal was an abuse of
discretion.  For the reasons set forth below, we **REVERSE**
the judgment of the district court and **REMAND** for further
pre-trial proceedings consistent with this opinion.

**I.**

Plaintiff, a native of Liberia, was hired by the Detroit Board
of Education in 1991 as a mathematics teacher.  In October of
1992, he was transferred to a different school and received

_____

[*] The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

punished or even admonished Plaintiff or his counsel for this late filing or warned them that further noncompliance would result in the imposition of a sanction as harsh as the one imposed.

We do not believe that dismissal was proper under these circumstances. Instead of dismissal, the district court should have employed an alternative sanction that would protect the integrity of pretrial procedures. *Freeland*, 103 F.3d at 1280; *Carter*, 636 F.2d at 161. "The sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Carter*, 636 F.2d at 161 (emphasis added). Despite the modest extent of the delay in this case, the district court failed to implement any alternative sanctions throughout the pre-trial process. Defendants' counsel, and apparently the district court, have serious doubts as to whether Plaintiff can prove his case. However, given that Defendants were not prejudiced, we believe that resolution of such issues would be proper at the summary judgment stage or at trial; the district court should have pursued alternative sanctions prior to depriving Plaintiff of his cause of action.

## IV.

For the aforementioned reasons, we hold that Plaintiff's action was prematurely and improperly dismissed. Accordingly, we **REVERSE** the district court's judgment and **REMAND** for further pre-trial proceedings consistent with this opinion.

tenure. Plaintiff contends that since a new principal joined his school in the 1993-94 academic year, the principal and others have conspired to discriminate against Plaintiff and have treated him differently from "white, American-American [sic] and/or female teachers; infringed upon his constitutionally protected right of freedom of speech; and retaliated against him." (Appellant's Br. at 2.)

In April of 1996, Plaintiff received a letter of intent to terminate his employment. As was required by the Detroit Federation of Teachers' Collective Bargaining Agreement, Plaintiff received a hearing before an Administrative Law Judge ("ALJ"), which took place between July 30, 1996, and August 7, 1996. Following the hearing, Plaintiff was terminated for incompetence. Plaintiff appealed the decision of the ALJ to the Michigan Tenure Commission, which adopted the ALJ's preliminary decision and order. The Michigan Court of Appeals denied Plaintiff's application for leave to appeal that decision. On October 15, 1998, Plaintiff filed a complaint against the Detroit Board of Education and several of its employees ("Defendants") in the United States District Court for the Eastern District of Michigan alleging various forms of discrimination and conspiracy to interfere with his civil rights in violation of federal and state statutes.[1]

Plaintiff's counsel failed to serve Defendants with the complaint for over three months. On January 22, 1999, the district court, acting *sua sponte*, issued a show cause order requiring Plaintiff to explain why his action should not be dismissed for failure to prosecute. In response, Plaintiff's counsel filed an amended complaint on February 2, 1999. The amended complaint was nearly identical to the original complaint, but it contained two exhibits that were cited in, but not attached to, the original complaint. Plaintiff's counsel also responded directly to the show cause order via a letter to

---

[1] Plaintiff alleged that Defendants violated 42 U.S.C. §§ 1981, 1983 and 1985, Title VII of the Civil Rights Act of 1964, and the Michigan Elliot-Larsen Civil Rights Act. He also claimed Tortious Interference With a Contract or Advantageous Business Relationship or Expectancy.

the district court stating that he had mailed the amended complaint and summonses to two of the defendants and would personally serve the others within a few days before the summonses expired. Plaintiff's counsel served the amended complaint and corresponding summonses upon each defendant within the 120-day period that began upon the filing of the original complaint. *See* FED. R. CIV. P. 4.

On February 24, 1999, Defendants requested from Plaintiff a thirty-day extension of the date on which Defendants' answer was due. This extension is not reflected in the district court docket sheet and was not mentioned in the district court's order of dismissal. However, the record does reflect that Defendants' joint answer was filed on May 7, 1999, which was over a month past the agreed-upon thirty-day extension.

On May 20, 1999, Plaintiff's counsel served his first and only discovery request upon Defendants. This request consisted of forty-eight inter-related interrogatories, requests for admission, and requests for production of documents. Each request to admit was linked to an interrogatory providing that if the response was "anything other than an unequivocal admission, identify in full, complete and in every detail the factual basis for the failure to unequivocally admit." Each request to admit was also linked to a request for production of documents in support of any failure to admit and the answers to the interrogatories. On June 24, 1999, Defendants sent a letter to Plaintiff's counsel indicating that they would not comply with the discovery request insofar as it violated the limit of twenty-five interrogatories imposed by FED. R. CIV. P. 33(a). Plaintiff failed to respond to this letter and never moved to compel discovery.

On May 21, 1999, the district court entered a scheduling order setting the following dates:

fashion.[2] In addition, Defendants' Application for Dismissal for Failure To Prosecute and the scheduling of a hearing also placed Plaintiff on notice that the court would be considering dismissal of his claim. *Cf. Harmon*, 110 F.3d at 368 (finding proper notice where a defendant filed a motion to dismiss and plaintiff requested additional time to respond). However, we do not end the inquiry here. The question of adequate notice is also intertwined with the issue of alternative sanctions. "[W]e have frequently reversed district courts for dismissing cases because litigants failed to appear or comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Vinci*, 927 F.2d at 288 (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). The district court in the case at bar did not impose any alternative sanctions on Plaintiff's counsel such as a levying a fine, barring him from participating in oral argument, or any other disciplinary action. *Cf. Nwokocha v. Perry*, No. 00-3583, 2001 WL 92182, at *1 (6th Cir. Jan. 26, 2001); *Needle v. Goodman*, No. 89-4005, 1999 WL 112027, at **2 (6th Cir. Aug. 6, 1990) (both imposing fines as a precursor to ordering dismissal of a complaint). Instead, in response to Plaintiff's late filing of a response to Defendants' motion for partial dismissal, the court merely postponed the hearing so that it could prepare. Nothing in the record indicates that the court

---

[2] The scheduling order warned the parties as follows:

Attorneys who do not respond to motions in a timely fashion may not be permitted to argue before the Court during oral argument.

. . .

Failure of counsel to cooperate in the preparation of, to submit, or to strictly comply with the terms of, the Joint Pretrial Order may result in dismissal of the claims, default judgment, refusal to let witnesses testify or admit exhibits, assessment of costs and expenses, including attorney fees, or other appropriate sanctions.

(Scheduling Order, J.A. at 134, 139.)

identical to the original complaint and was filed and served upon Defendants in a timely manner. In addition, the fact that Plaintiff missed the deadline for discovery and never responded to Defendants' concerns regarding his improper discovery requests is more likely to hurt Plaintiff than Defendants. While chastising Plaintiff for filing no pre-trial order, the district court seemingly ignored the fact that there was to be a Joint Final Pretrial Order due on the same day the court heard argument on Defendants' application for dismissal for failure to prosecute. The district court also failed to address the fact that Defendants filed their joint answer to the complaint more than 30 days after the extension agreed to by the parties. Furthermore, the record reflects that Defendants have themselves filed no discovery requests at all. These factors all indicate that Defendants were equally dilatory in this case.

The district court determined that Plaintiff's brief in opposition to Defendants' Application for Dismissal for Failure To Prosecute failed to "put his adversary on notice of the arguments he must be prepared to meet, nor does it attempt, as any brief should, to demonstrate to the Court how controlling authority relates to the facts of this case." (J.A. at 297.) Yet, we cannot give full weight to the district court's conclusion that the brief prejudiced Defendants because their application for dismissal for failure to prosecute also failed to cite any relevant case law. Instead, Defendants' application merely makes blanket allegations to the effect that Plaintiff has taken no action for over three months, which they contend is a "significant period of time." (J.A. at 222.) Therefore, Plaintiff was also not fully on notice as to Defendants' legal arguments in seeking dismissal.

Arguably, Plaintiff was on notice that his counsel's actions could lead to dismissal of the case. The district court's scheduling order did contain boilerplate warnings regarding the consequences of failure to respond to motions in a timely

Discovery cut-off:          September 13, 1999
Witness List Exchange:      September 13, 1999
Stipulation for Mediation:  September 13, 1999
Dispositive Motions Filed By: October 13, 1999

(Scheduling Order, J.A. at 133-34.) That same day, Defendants filed a motion for partial dismissal with respect to certain claims and named parties. On May 24, 1999, the district court notified the parties that a hearing on this motion was scheduled for July 21, 1999. However, Plaintiff's counsel did not file a response to the motion until July 19, 1999--fifty-nine days after the motion was filed and only two days before the hearing was scheduled to take place. Instead of proceeding as scheduled, the district court postponed the hearing until July 28, 1999 so that it could adequately prepare. Defendants filed a reply to Plaintiff's response on July 23, 1999. On August 25, 1999, the district court granted in part and denied in part Defendants' motion for partial dismissal.

On November 2, 1999, the district court set a deadline of December 14, 1999 for submission of the Joint Final Pretrial Order and notified the parties that the pretrial conference would take place on December 21, 1999. Before this conference took place, Defendants filed an Application for Dismissal for Failure To Prosecute on November 12, 1999. On November 29, 1999, the district court notified the parties that a hearing on this motion would take place on December 14, 1999. Plaintiff filed a response in opposition to Defendant's Application for Dismissal on December 2, 1999, which consisted of a one-half page recitation of the facts and a challenge to Defendant's contention that Plaintiff's counsel had not conducted valid discovery. The brief in support of the response read in its entirety as follows:

In support of Plaintiff's Response in Opposition to Defendants' Application for Dismissal for Failure to Prosecute, Plaintiff relies on the Fed. R. Civ. P. and federal case law.

After a hearing, the district court granted the Application for Dismissal with prejudice in an order dated December 21, 1999. Plaintiff filed a timely appeal to this Court on January 20, 2000, but failed to file an appearance and civil appeal conference statement. Thereafter, this Court entered an order dismissing the instant appeal for want of prosecution. *See* Docket Sheet at 5. However, on March 3, 2000, Plaintiff's counsel filed a notice of appearance and a motion to reinstate the appeal. *See id.* We granted the motion to reinstate Plaintiff's appeal on March 10, 2000. *See id.*

## II.

The only issue before this Court is whether the district court abused its discretion in dismissing the action. Pursuant to FED. R. CIV. P. 41(b) and Local Rule 41.2, the United States District Court for the Eastern District of Michigan may dismiss complaints for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). The local rule provides:

> [W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute.

E.D. MICH. LR 41.2.

We consider four factors in assessing the appropriateness of a district court's decision to dismiss a complaint for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Knoll v. American Tel. & Tel.*, 176 F.3d 359 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir.

court-ordered conferences. *See, e.g., Knoll*, 176 F.3d at 364; *Harmon*,110 F.3d at 168; *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986). In addition, Plaintiff's failure to file proper discovery requests does not necessarily indicate a stubborn effort to delay trial. In *Coston*, we distinguished an "attorney's failure to appear on the record on repeated occasions under circumstances not deemed acceptable to the court" from "mere dilatory conduct involving failure to file a specified document." *Coston*, 789 F.2d at 379. In the case at bar, Plaintiff's conduct falls into the later, less culpable category.

Defendants argue that if Plaintiff had not conducted discovery or produced a witness list then he could not have provided the contents required for the Joint Pretrial Order, nor could he have brought forth any witnesses at trial. *Cf. Carter*, 636 F.2d 159 (citing the plaintiff's ability and willingness to proceed to trial as factors militating against dismissal). However, it is not clear that Plaintiff was unprepared to proceed to trial. To the contrary, Plaintiff has averred that despite having no answers to his arguably flawed interrogatories, most of the information he needed to proceed to trial consisted of the sworn testimony contained in the transcripts of Plaintiff's hearing before the Michigan Tenure Commission, at which all but one of the Defendants testified. In *Little*, we found that a plaintiff had no need to conduct further discovery in an appeal of an administrative agency action because the administrative record was already available and *de novo* review was not required. 948 F.2d at 161. Although the instant appeal is not from an administrative hearing as was the case in *Little*, the information Plaintiff now claims to build his case upon is contained in the transcripts of an administrative hearing related to his claims of discrimination.

Furthermore, the record is devoid of any evidence of prejudice that has resulted or may result to Defendants due to Plaintiff's dilatory actions. No serious contention can be made that the filing of the amended complaint prejudiced Defendants; the amended complaint was substantively

parties have taken no action for a reasonable time." At the time Defendants sought dismissal for failure to prosecute, less than three months had elapsed since the district court's August 25, 1999 grant of Defendants' motion for partial dismissal of certain counts and parties. Furthermore, only a little over three months had passed since Plaintiff's August 12, 1999 response in opposition to Defendants' motion for partial dismissal. We do not believe that such short periods of inactivity are sufficient, without more, to warrant the dismissal of a complaint under this rule, especially given Plaintiff's timely service of process. Our previous holdings support this conclusion. For example, in *Little*, we reversed an order of dismissal despite five months of docket inactivity and the lack of any discovery or dispositive motions from the plaintiff. 984 F.2d at 162-63. Similarly, in *Carter* we reversed an order of dismissal despite a six-month gap during which no discovery took place and no pretrial order had been filed even after the deadline for filing that order had passed. 636 F.2d at 161.

In order to consider a plaintiff culpable, his conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Sheppard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); *see also Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Patterson*, 760 F.2d at 688; *Vinci v. Conrail Corp.*, 927 F.2d 287, 287 (6th Cir. 1991); *Carter* 636 F.2d at 161. Unlike other cases in which we found dismissal proper, in the instant case Plaintiff has not failed to respond to any discovery requests propounded by Defendants, nor has he acted in contempt of a court order compelling cooperation with such requests. *See, e.g., Harmon*, 110 F.3d at 368. Furthermore, the trial date had not even been set by the court. Although Plaintiff filed a belated response to Defendants' motion for partial dismissal, the record reveals no instance in which Plaintiff or his counsel missed an actual court appearance. In this respect the instant case is easily distinguishable from the multitude of cases in which this Court has upheld the dismissal of a complaint where a plaintiff's counsel failed to appear at hearings or

1998)); *see also Harmon v. CSX Transp.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

### III.

In the instant case, the district court determined that dismissal of Plaintiff's civil rights action was warranted because Plaintiff exhibited a long record of delay without good cause. First, the district court noted that the original complaint was filed fourteen months prior to the hearing on the application for dismissal and that service of the original complaint was never made to Defendants. The district court pointed out that Plaintiff served Defendants with an amended complaint only after receiving an order to show cause why his case should not be dismissed for failure to prosecute. Noting that the two complaints were substantively identical, the court characterized the amended complaint as being "no amendment at all, but rather an attempt to restart the clock on this case," and characterized the filing of the amended complaint as "Plaintiff's first delay, lasting nearly three months." Second, the district court criticized Plaintiff for waiting fifty-nine days to file his response to Defendants' motion for partial dismissal, only two days before the scheduled hearing, thereby prompting the court to reschedule the hearing. The district court found that Plaintiff provided no excuse for his tardiness. Next, the district court noted that Plaintiff failed to respond to Defendants' objection to the flawed discovery request and instead allowed the September 13, 1999 deadline for the close of discovery to expire without filing a proper discovery request or a motion to compel compliance with the original request. In addition, the court found probative the fact that Plaintiff attempted to contact Defendants' counsel on December 6, 1999 regarding his lack of response to Plaintiff's initial discovery requests; this communication came only after Defendants filed their application for dismissal for failure to prosecute and only one week prior to the scheduled hearing on that application. Observing that the December 6 communication requested a date for deposing Defendants, filing a witness list, preparing a pre-trial order and a one-time extension of discovery, the

court characterized the letter as "yet another delay" which left Plaintiff unprepared to proceed to trial. Finally, the court chastised Plaintiff's counsel for his "unprofessional effort" in preparing a brief in opposition to Defendants' application for dismissal, which the court characterized as being "no brief at all." The court also commented that Plaintiff's counsel was unprepared for oral argument, repeatedly stating that he had brought the wrong file to court--a mistake which the court was unwilling to forgive under the circumstances.

Plaintiff contends on appeal that under the circumstances it is not he who should be punished, but rather his counsel. He further claims that even if he may be held responsible for the acts of his counsel, those acts are insufficient to warrant dismissal of his case for failure to prosecute. Although Plaintiff and his counsel could have proceeded in a more timely and professional fashion, the facts of this case fail to justify dismissal of Plaintiff's action with prejudice.

The Supreme Court seemingly rejected Plaintiff's first argument in *Link v. Wabash Railroad Company*, holding that "[t]here is . . . no merit to the contention that dismissal of [a plaintiff's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link,* 370 U.S. at 633-34. However, recognizing that the sanction of dismissal with prejudice "deprives a plaintiff of his day in court due to the inept actions of his counsel," *Patterson v. Grand Blanc Township*, 760 F.2d 686, 688 (6th Cir. 1985), this Court has expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney. *Knoll*, 176 F.3d at 363 (citing *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992). As we explained in *Little v. Yeutter*, 984 F.2d 160 (6th Cir. 1993),

[t]here are competing concerns which guide whether a court should dismiss an action for failure to prosecute. On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its

claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this [C]ircuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations . . .

*Id.* at 162 (citations omitted). "Thus, although the *Link* principle remains valid, we have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." *Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994) (internal citation omitted). We have therefore applied the four-factor test more stringently in cases where the conduct of a plaintiff's attorney is the reason for dismissal. *Harmon*, 110 F.3d at 367. While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff. *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *Little*, 984 F.2d at 162. However, we do not find such a record of delay in the instant case.

Although the district court characterizes Plaintiff's actions as constituting multiple delays, we find that there was no significant delay involved. The most important fact in support of our conclusion is that Plaintiff actually served the amended complaint on all of the Defendants within the allotted 120-day period that began with the filing of his original complaint. Although he cut it quite close, Plaintiff fulfilled the service requirements set forth by FED. R. CIV. P. 4. We therefore find illogical the district court's determination that Plaintiff attempted to "restart the clock" on his case by filing the amended complaint. Plaintiff's counsel even explained his rationale for filing an amended complaint so substantively similar to the original complaint, noting that the only way to properly file the exhibits missing from the original complaint was to re-file the complaint altogether.

In addition, despite its repeated references to certain gaps in the record, the district court points to only minimal periods of inactivity. Local Rule 41.2 authorizes dismissal when "the