**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0311n.06
Filed: April 25, 2005

**Case No. 03-3938**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **RANDALL K. BOWLES, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs-Appellants,** | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| **v.** | ) | **NORTHERN DISTRICT OF** |
| | ) | **OHIO, EASTERN DIVISION** |
| | ) | |
| **CITY OF CLEVELAND, ET AL.** | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |

**BEFORE:  NELSON and COLE, Circuit Judges; and SARGUS, District Judge.**[*]

　　　　**SARGUS, District Judge.**    Randall K. Bowles and Claudette Bowles, Plaintiffs-Appellants, seek review and reversal of the lower court's decision dismissing this action without prejudice, following the failure of the Plaintiff's counsel to attend the initial status conference before the district court scheduled for March 18, 2003.  The court rescheduled the same status conference for April 16, 2003 and warned Plaintiff's counsel that if he did not appear, the case would be dismissed.  Thereafter, Plaintiff's counsel failed to appear and the district court dismissed the action without prejudice.  For the reasons that follow, we affirm.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

# I.

On March 4, 2002[1], Plaintiffs filed a twelve count Complaint against the City of Cleveland, three police officers, and David Vallo, the owner of a construction company. The Plaintiffs contend that Vallo unlawfully attempted to remove certain cabinets on business premises owned by Plaintiff Randall Bowles. Vallo ultimately called the Cleveland Police Department and alleged that Bowles had assaulted him. Bowles asserts that the police officers who responded to the call acted with racial animus towards him, allowed Vallo to wrongfully remove the property, and violated a number of Bowles' constitutional rights. While the twelve counts are not described with legal particularity, Count One sets forth a federal claim under 42 U.S.C. § 1983 for violation of the Plaintiff's Fourth and Fifth Amendment rights. The additional counts allege violations under state law for malicious prosecution, false arrest, assault and battery, false imprisonment, tortious interference with contract, intentional infliction of emotional distress and abuse of process. Plaintiff Claudette Bowles, as the wife of Randall Bowles, brings a claim for loss of consortium.

While the parties apparently had some disputes regarding timely discovery, the

---

[1]The Appellees contend that the Plaintiffs missed the statute of limitations by filing this action on March 5, 2002 for conduct which occurred on March 2, 2001. The Appellants vigorously dispute this assertion and have included documents in the Joint Appendix from the Cuyahoga County Court of Common Pleas, where the case was originally filed, indicating that this action was initiated on March 4, 2002. The Joint Appendix, at page 108, supports the Plaintiff's position. March 2, 2002, exactly one year after the incident, was a Saturday. Consequently, under Ohio Revised Code §1.14, together with Ohio R. Civ. P. 6(a) , any document required to be filed on or before March 2, 2002, could be timely filed on March 4, 2002. *See also Ritz v. Brown,* 572 N.E.2d 159 (Ohio App. Putnam Cty. 1989). Further, as described, *infra*, the Appellees incorrectly contend that the one year statute of limitations which applies to the state claims also applies to the federal claims asserted. This is incorrect. This Circuit holds that the state statute of limitations most applicable to claims under 42 U.S.C. § 1983 is two years. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (*en banc*).

essential facts relevant to this appeal are quite basic. The district court scheduled a status conference for March 18, 2003. Plaintiff's counsel, James Alexander, Jr., failed to appear. The district court expressly warned him that if he failed to appear at the rescheduled conference on April 16, 2003, the court would issue sanctions, including an entry of Judgment against the Plaintiffs. After Alexander missed the status conference which had been rescheduled, the district court entered an Order of Dismissal which recited the fact that the court's deputy clerk had contacted Alexander and that he had not provided any excusable reason for nonattendance. The court dismissed the case without prejudice on April 17, 2003 and directed the parties to bear their own costs.

Thereafter, the Plaintiffs filed a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e). Attached to the motion was a lengthy affidavit from Alexander. The affidavit states that he was in Charlotte, North Carolina from April 5 through April 15, 2003 attending to needs of his elderly parents. According to the affidavit, his flight was delayed and he did not return to Cleveland until approximately 8:00 p.m., rather than a 2:00 p.m. arrival. He also contended that he did not realize the clocks in his house had not been adjusted to daylight savings time. According to Alexander, he called the Court on the morning of April 16, 2002 to indicate that he was late but on his way.

In their motion, the Plaintiffs also argued that, even though the court's dismissal was without prejudice, the effect of the Order was to terminate the case, since the statute of limitations had by then run on all the claims. This assertion is incorrect as to the state law claims, as described, *infra*. The Plaintiffs also argued that other sanctions were available which were less severe and more appropriate under the circumstances. The district court denied the

3

Plaintiff's Rule 59(e) motion. The court noted that the explanations given by Alexander included no information that the court had not received at the time it issued the initial dismissal order.

## II.

Pursuant to 28 U.S.C. § 1981, this Court has jurisdiction over the appeal of a final judgment entered by the district court. Dismissals under Fed. R. Civ. P. 41(b) are reviewed for clear error. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Further, the decision of a district court to dismiss with or without prejudice will not be reversed "absent a clear showing of an abuse of discretion." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988).

With regard to the district court's denial of the Motion to Alter or Amend the Judgment, this Court reviews for abuse of discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

## III.

**A.     Whether the District Court Abused Its Discretion in Dismissing the Action**

The district court did not specify the precise civil rule or other basis upon which it imposed sanctions and dismissed the case without prejudice. This Circuit has held that the district court has three sources of authority upon which dismissal as a sanction may be imposed. *Coleman v. American Red Cross*, 23 F.3d 1091 (6th Cir. 1994). The first is found in Fed. R. Civ. P. 16(f) which permits sanctions consistent with Rule 37(b)(2)(B), (C), and (D). This includes the failure of an attorney to appear at a scheduling or pretrial conference. In addition, Fed. R. Civ. P. 41(b) grants the district court additional authority to dismiss a case for violation of an order of the court. Finally, a district court has inherent power to "protect[] the due and orderly

4

administration of justice and . . . maintain[] the authority and dignity of the court . . . ." *Cooke v. United States*, 267 U.S. 517, 539 (1925).

Regardless of the basis for the district court's dismissal, the analysis under all three sources of authority is reducible to a single standard. As noted in *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980), *quoting J. F. Edwards Constr. Co. v. Anderson Safeway Guardrail Corp.*, 542 F.2d 1318, 1323 (7th Cir. 1976), "the key is a failure to prosecute, whether styled as a failure to appear at a pretrial conference, failure to file a pretrial statement, failure to prepare for conference, or failure to comply with the pretrial order." *See also Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

This Circuit has also developed a four factor analysis for assessing the appropriateness of a district court's decision to dismiss a case for failure to prosecute, including the failure to attend a status conference. *See Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC Trucks, Inc.*, 173 F.3d 988 (6th Cir. 1999); *Knoll v. American Tel. and Tel. Co.,* 176 F.3d 359 (6th Cir. 1999); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612 (6th Cir. 1998); *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997). The analysis includes consideration of the following:

> (1)   Whether the party's failure is due to willfulness, bad faith or fault;
>
> (2)   Whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3)   Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4)   Whether less drastic sanctions were imposed or considered before dismissal of the action.

As noted in *Mulbah v. Detroit Board of Education,* 261 F.3d at 591, "[w]hile none of these

5

factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff."

Before undertaking the four part analysis, however, the question arises as to whether an attorney's misconduct should result in legal harm to his or her client. In the context of a Rule 41(b) dismissal, the Supreme Court has unequivocally stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Walbash Railroad Co.*, 370 U.S. 626, 633-34 (1962), quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879).

Notwithstanding this language from the Supreme Court, this Circuit has repeatedly expressed "extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney." *Mulbah v. Detroit Board of Education*, 261 F.3d at 590, *citing Knoll v. American Tel. and Tel. Co.,* 176 F.3d at 363. *See also Harmon v. CSX Transportation, Inc.*, 110 F.3d at 367; *Coleman v. American Red Cross*, 23 F.3d at 1094; *Buck v. United States Dept. of Agriculture*, 960 F.2d 603, 608 (6th Cir. 1992); *Shepard Claims Serv., Inc. v. William Darrah and Associates*, 796 F.2d 190, 195 (6th Cir. 1986).

An additional matter before applying the four part standard concerns the effect of the district court's dismissal without prejudice. The dismissal occurred on April 17, 2003, over twenty-five months following the events giving rise to the Complaint. While this issue is not

6

before us on appeal, it does appear that under Ohio law, the Plaintiffs-Appellants filed their Complaint on the last possible day before the statute of limitations was due to run. Although there is no savings statute as to the federal claim asserted, Ohio law provides relief for the Plaintiffs by permitting a refiling of the action as to the state claims within one year from dismissal. Therefore, the dismissal order from the district court did not operate to prevent refiling of the state claims.[2] Plaintiff's state law claims appear to be governed by a one year statute of limitations set forth in O.R.C. § 2305.11. If the Plaintiffs were able to refile their Complaint, the sanctions imposed by the district court are far less onerous than a final judgment terminating any further litigation.

With respect to the federal claim, the parties have mistakenly contended that a one year statute of limitations also applies to Plaintiffs' Section 1983 claim. In *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (*en banc),* the Sixth Circuit held that the appropriate statute of limitations for §1983 actions arising in Ohio is two years. Nevertheless, this Circuit holds that absent a statute to the contrary, a party cannot deduct from the limitations period the time during which the claim was pending. *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962). Thus, since this federal claim was dismissed more than two years after the limitations period began to run, the district court effectively dismissed the claim with prejudice.

With respect to the four part analysis, this Court first looks to the character of the party's failure to determine whether such failure was premised upon willfulness, bad faith or

---

[2]It seems apparent then that the district court issued its Order of Dismissal without prejudice correctly believing that all claims could be saved by O.R.C. § 2305.19 for refiling. The Ohio Savings Statute, O.R.C. § 2305.19, provides an extension of a statute of limitations following a dismissal of a cause of action "within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise and upon the merits." Under this statute, if a case is dismissed for reasons other than the merits of the claim, the plaintiff may recommence the action within one year from such date.

fault. In this case, the conduct of Appellants' counsel can best be described as extreme neglect or fault. While there is no evidence of willfulness or bad faith, there is certainly a basis to find extreme fault so as to support the decision of the district court.

The next prong of the analysis directs our attention to whether the opposing party was prejudiced by the dismissed party's conduct. The record is silent on this issue. It would not be unfair to assume that opposing counsel, if not the parties, were present and ready to proceed on both occasions scheduled by the Court for a status conference. This type of prejudice can easily be remedied by an imposition of monetary sanctions in an amount sufficient to compensate opposing counsel for lost time.

The third prong of the analysis concerns whether the dismissed party had been warned or given notice that failure to cooperate could lead to dismissal. On this point, the district court was quite specific in informing Plaintiff's counsel that failure to appear would result in sanctions, which could include dismissal of the action.

The final consideration is whether the district court could have imposed or considered less drastic sanctions before dismissal of the action. The sanctions imposed terminated the Plaintiffs' §1983 claim, but permitted refiling of all the state claims. The dismissed §1983 claim was based upon what amounts to assertions of unlawful arrest, malicious prosecution, and abuse of process. All of these assertions may be made in similar state law claims which could be refiled. Because the sanctions imposed here were substantially less than those involved in a dismissal of all claims with prejudice, this factor supports the decision of the district court.

There are a substantial number of cases from this Circuit which either apply the aforementioned four part analysis or otherwise review the propriety of an involuntary dismissal. In at least four cases, this Circuit has reversed an involuntary dismissal based upon some

8

deficiency on the party or counsel in abiding by a court order or local rule. In these cases, this Court has held that the district court failed to provide sufficient warning to place the party on notice that a dismissal could follow if such conduct continued. For example, in *Vinci v. Consolidated Rail Corp.*, 927 F.2d 287 (6th Cir. 1991), this Court held that language set forth in a court's standing order indicating that failure to comply with any provision of the order could result in dismissal was not sufficient notice to a party that failure to submit a joint pretrial statement could result in a sanction which included dismissal. A similar lack of notice has been found in several other cases from this Court sufficient to warrant reversal of a district court's involuntary dismissal. *See e.g., Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC Trucks*, 173 F.3d 988 (6th Cir. 1999); *Stough v. Mayville Cmty Schs.*, 138 F.3d 612 (6th Cir. 1998); *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991).

Concomitantly, there are a substantial number of cases in which this Court has upheld a district court's involuntary dismissal for a failure to appear on the part of an attorney or lack of prosecution on the part of a litigant, which, as explained *supra*, are reviewed under the same standard. In *Coston v. Detroit Edison Co.*, 789 F.2d 377 (6th Cir. 1986), this Court upheld the trial court's dismissal of the action after counsel failed to appear for two scheduled pretrial conferences before a magistrate judge and one appearance before the district judge. This case is factually similar to the case at bar, save for the fact that the attorney missed three, rather than two, scheduled appearances. As a final nail in the coffin, the same counsel asked for an oral argument before the Sixth Circuit, which was granted. On the morning of the oral argument, the attorney notified the clerk that he was tied up in state court and could not attend. This Court held that "[t]he sanction of dismissal is appropriate only if the attorney's *dilatory* actions

9

amounted to failure to prosecute and *no alternative sanction* would protect the integrity of pretrial procedures." *Id.* at 379 (emphasis in original) *citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

In *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002), this Court upheld the action of a district court in striking the defendant's claim of ownership to certain real estate, based upon his repeated failure to comply with discovery requests and deadlines. This Court held that the defendant's repeated failure to comply with reasonable requests and court-imposed deadlines warranted a dismissal of the action. This Court noted that the fact that the district court "did not articulate its consideration of lesser sanctions does not dictate a different result." *Id.* at 457. Furthermore, as noted in *Harmon v. CSX Transp., Inc., supra*, this Court has "never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect." 110 F.3d at 368.

In summary, prior decisions from this Court have emphasized that the district court must first give an offending party or counsel specific notice that sanctions will issue if certain conduct continues. While the cases also indicate a reluctance to penalize a party for the misconduct of counsel, the cases recognize that authority to dismiss actions in the face of contumacious conduct is a necessary authority for a district court to manage its docket. The sanction of ultimate dismissal should be used sparingly, particularly when the action terminates the case with no chance of refiling.

In this case, the attorney's conduct was inexcusable. The district court gave ample warning to the Plaintiff and counsel that failure to attend the second status conference could result in dismissal. The record is silent as to any prejudice suffered by the Appellee, other

10

than time wasted in attending a status conference for which Plaintiff's counsel failed to appear.
Finally, the district court dismissed the action without prejudice, meaning that eleven of the
twelve asserted claims could be refiled. Only the federal § 1983 claim set forth in Count One
was barred by the statute of limitations following the dismissal. While there is no doubt a
serious consequence in the loss of the federal claim, the Plaintiffs were left with the opportunity
to refile in state court all remaining claims.

**B.** **Whether the District Court Abused Its Discretion in Denying Plaintiff's Motion to
Alter the Judgment**

As noted above, the standard of review on the grant or denial of a Motion to Alter
or Amend the Judgment is an abuse of discretion standard. *Moore v. City of Paducah*, 790 F.2d
557, 559 (6th Cir. 1986). Following the dismissal without prejudice for failure to appear, the
Appellants filed a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). On
appeal, the Appellants essentially reargue their assertions as to why the dismissal order should
not have issued. The only colorable issue under this assignment of error is whether the trial
court should have held a hearing to determine the precise reasons why Plaintiff's counsel did not
attend the status conference.

The original dismissal order indicated that the court's deputy clerk spoke to
Attorney Alexander and inquired of him as to the reason he missed the status conference. When
Alexander subsequently filed the motion under Rule 59(e), he attached a lengthy affidavit
explaining his absence. The district court subsequently denied the motion and noted that all of
the information submitted by Alexander was known to the court when it issued the dismissal
order. Significantly, the Appellants do not dispute this assertion. Consequently, there can be no
serious claim that the denial of a hearing as to the reasons Alexander missed the second status

11

conference caused the Appellants any prejudice.  Thus, there is no merit to Appellants'

contentions.

## IV.  CONCLUSION

Based upon the foregoing, the decision of the district court is **AFFIRMED** in all

respects.